GREENLEAF TEXTILE CORPORATION, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46747. Promulgated July 28, 1932.

*Benjamin Mahler, Esq.*, for the petitioner.

*William E. Davis, Esq.*, and *Paul E. Waring, Esq.*, for the respondent.

## OPINION.

LEECH: The Commissioner having determined no deficiency for the fiscal year ended February 28, 1927, this proceeding is dismissed as to that year, for lack of jurisdiction. Cf. *Southern Feed Co.*, 6 B. T. A. 736.

The asserted deficiency in controversy for the fiscal year ended February 29, 1928, resulted from the Commissioner's disallowance of a deduction of $49,893.24 taken by petitioner as a loss realized in that year on real estate purchased in 1925. Section 23 (f) of the Revenue Act of 1928 and section 234 (a) (4) of the Revenue Act of 1926 provide that in computing net income there shall be allowed as deductions " losses *sustained* during the taxable year and not compensated for by insurance or otherwise."

The title to the real estate in question was taken in the name of the S. and G. Realty Company. This company never functioned as such, and, admittedly, was a mere name, in which the title was held for the sole benefit of petitioner. Therefore, if the loss asserted was sustained in the taxable period here involved, the petitioner must prevail. *Gulf Oil Corporation* v. *Lewellyn*, 248 U. S. 71; *Stewart Forshay*, 20 B. T. A. 537; *United States* v. *Jelenko*, 23 Fed. (2d) 511. This Board early adopted the rule that a taxpayer could not sustain a deductible loss as to the value of real estate while retaining title thereto, upon the theory that losses " growing out of the ownership thereof, are deductible only when ascertained and determined upon an actual, completed, and closed transaction during the taxable year, and are not sustained through the mental processes by which a taxpayer determines that the property is worthless and charges it off on its books, while it still retains the title to the property itself." *A. J. Schwarzler Co.*, 3 B. T. A. 535. The Circuit Court of Appeals for the 6th Circuit, in the case of *Brumback* v. *Denman*, 58 Fed. (2d) 128, affirming 48 Fed. (2d) 255, apparently recognized an exception to this theory by applying the " practical test " of the Supreme Court in *United States* v. *White Dental Co.*, 274 U. S. 398, and *Lucas* v. *American Code Co.*, 280 U. S. 445, which had to do with losses in the value of personal property, to losses involving real estate. The exception which the court there recognized is the occurrence of an identifiable event during the taxable period in which the controverted

loss is claimed of such consequence as to definitely fix the taxpayer's loss, regardless of title. It was held there that a court order authorizing a bond issue and assessing a tax against lands for the payment of the principal and interest on the bonds when due, was such an event.

Although petitioner in the instant case has our sympathy, we are unable to find in the evidence before us any event of comparable effective consequence, upon the happening of which the worthlessness of the land in question was definitely and decisively determined. The absence of such occurrence brings this case within the operation of the rule in *A. J. Schwarzler Co.*, *supra*, the facts in which were somewhat similar to those here. In effect the situation in the case at bar can not be described as resulting in more than a mere diminution of value which does not constitute a realized or sustained loss. Cf. *White Star Line*, 20 B. T. A. 111. We hold, therefore, that, since the petitioner retained title to the real property in question throughout the tax period at issue, there was no actual, completed and closed transaction resulting in a deductible loss. *A. J. Schwarzler Co.*, *supra*. Cf. *Brumback* v. *Denman*, *supra*.

The petitioner's alternative issue is that taxes and interest paid on the Miami property in its two prior tax years be considered for the purpose of determining the correct statutory net losses incurred in those years and deductible in the taxable year. The Board, in redetermining a deficiency for a taxable year, has jurisdiction to consider such facts with relation to the taxes for other taxable years as may be necessary to redetermine correctly the amount of the deficiency in controversy. Section 274 (g), Revenue Act of 1926, and section 272 (g), Revenue Acts of 1928 and 1932. The petitioner had net losses for the two prior taxable years ended February 28, 1926 and 1927, in the amounts of $5,321.80 and $401.96, respectively, and the Commissioner has allowed the deduction thereof in determining the deficiency in question. Section 234 (a) (2) and (3) of the Revenue Act of 1926 provides specifically for the deduction of interest and taxes paid or accrued within the taxable year.

The excess of the deductions allowed by section 234 over gross income, with certain exceptions not applicable here, constituted petitioner's net losses for those two preceding years. Section 206, Revenue Act of 1926, section 117, Revenue Act of 1928. The said amounts of interest and taxes were charged to Greenblatt's personal account during those prior years and no deduction has been taken on that account. Accordingly, the net losses for the two prior years should now be increased by the interest and taxes paid in those years and such increased net losses brought forward in recomputing the correct deficiency for the taxable period here involved.

*Judgment will be entered under Rule 50.*