FREDERICK KRAUSS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 67922.   Promulgated March 13, 1934.

*Virgil Y. Moore, Esq.*, for the petitioner.
*Roy N. McMillan, Esq.*, and *P. S. Crewe, Esq.*, for the respondent.

64

## OPINION.

TRAMMELL: It is the contention of the petitioner that the real estate in controversy became wholly worthless in 1930 and that he is entitled to a deduction of the cost thereof in that year. The respondent contends that no deduction is allowable with respect to real estate so long as the taxpayer holds title thereto, at least in the absence of some identifiable event which would create a closed transaction giving rise to gain or loss.

The petitioner asks the Board to reverse itself in a long line of decisions, beginning with *A. J. Schwarzler Co.*, 3 B.T.A. 535, and relies upon the decision of the Circuit Court of Appeals for the Sixth Circuit in the case of *Denman* v. *Brumback*, 58 Fed. (2d) 128, and contends that our decision in the case of *Greenleaf Textile Corp.*, 26 B.T.A. 737, affd., 65 Fed. (2d) 1017, is distinguishable.

In the *Greenleaf Textile* case, *supra*, we distinguished the *Brumback* case as follows:

\* \* \* The Circuit Court of Appeals for the 6th Circuit, in the case of *Brumback* v. *Denman*, 58 Fed. (2d) 128, affirming 48 Fed. (2d) 255, apparently recognized an exception to this theory by applying the "practical test" of the Supreme Court in *United States* v. *White Dental Co.*, 274 U.S. 398, and *Lucas* v. *American Code Co.*, 280 U.S. 445, which had to do with losses in the value of personal property, to losses involving real estate. The exception which the court

there recognized is the occurrence of an identifiable event during the taxable period in which the controverted loss is claimed of such consequence as to definitely fix the taxpayer's loss, regardless of title. It was held there that a court order authorizing a bond issue and assessing a tax against lands for the payment of the principal and interest on the bonds when due, was such an event.

Although petitioner in the instant case has our sympathy, we are unable to find in the evidence before us any event of comparable effective consequence, upon the happening of which the worthlessness of the land in question was definitely and decisively determined. The absence of such occurrence brings this case within the operation of the rule in *A. J. Schwarzler Co.*, *supra*, the facts in which were somewhat similar to those here.  *  *  *

We think that in this case no particular significance may be attached to the fact that the property was sold for taxes and that tax certificates were issued. In section 972 of the Compiled General Laws of Florida, 1927, Cumulative Supplement of 1932, it is provided as follows:

In case there are no bidders the whole tract shall be bid off by the tax collector for the State, and the tax collector must offer all such lands as assessed.

Section 983 of the statutes further provides that:

All tax sale certificates  *  *  *  issued to the State shall be held by the clerks of the circuit courts of the several counties wherein are situated the lands covered by such certificates  *  *  *.

Section 1003 (1) of the statutes (Acts 1929, Extra. Sess.) provides as follows:

Any holder of a certificate of tax sale or a tax deed therefor, whether heretofore or hereafter issued, including the State of Florida, is hereby authorized on and after January 1st, 1930, to file a bill in chancery to foreclose the lien of such certificate or deed, and the practice, pleading and procedure for foreclosure shall be in accordance with the practice, pleading and procedure for foreclosure of mortgages on real estate, except as herein otherwise provided and except that no personal judgment shall be given. No suit shall be brought on any tax sale certificate until after expiration of two years from the date of the certificate nor shall the State commence any such suit before the time hereinafter provided for such suit by the State; *Provided*, however, that no suit shall be brought on any tax sale certificate upon any homestead until after the expiration of four years from the date of such certificate.

In construing these sections of the Florida statutes as they existed in 1930, the Supreme Court of Florida, in the case of *Ridgeway* v. *Peacock*, 131 So. 140, stated:

The statute gives the state a lien upon lands for taxes duly assessed thereon. Sections 896, 1020, Comp. Gen. Laws 1927. Such lien is evidenced by tax sale certificates issued at the sale for nonpayment of taxes. When the certificates are purchased by private parties at the sale, or from the state when the certificates are sold to the state, the statute provides that the owner of the land or others interested therein may redeem the cerificates within two years. At the end of the two-year redemption period, the private holder may get a deed or

foreclose the lien evidenced by the tax certificate. If the state holds the tax certificate when the redemption period expires, the title to the land vests in the state under the statutes. The state may sell the certificate and issue a deed thereon after due notice to the owner, or may authorize the lien of the tax certificate to be foreclosed and the rights of the owners cut off. The state exercises this authority by virtue of its sovereignty to enforce tax payments. The sovereign power is exerted through statutes that afford due process and equal protection of the laws to property owners.

Since there were no bidders for the property when it was offered for sale by the tax collector, it was bid in by the tax collector for the state. This, however, did not deprive the taxpayer of the ownership of that property. He had two years in which to redeem and longer if someone did not purchase the certificates from the state and undertake proceedings in accordance with the statute to obtain title. The tax sale involved in this case did not have any more effect than to establish a lien in behalf of the state for these taxes. The taxpayer, therefore, still owns the property and this brings us to the question as to whether the record in this case presents such facts as to entitle the taxpayer to a deduction for a loss with respect to this property. The taxpayer testified that he felt that the chance of Florida real estate having any value was long in the future and that the lots would never be worth the taxes, plus interest, in his lifetime. He also expressed the opinion that the property was worthless in 1930. We do not believe, however, that any identifiable event occurred in 1930 of sufficient character as to entitle the taxpayer to a deductible loss with respect to the property.

We see no reason to depart in this case from our long line of decisions on that subject. See *A. J. Schwarzler Co., supra; H. M. N. Muhle*, 19 B.T.A. 1247; *Consolidated Brick Co.*, 17 B.T.A. 831; *Coalinga-Mohawk Oil Co.*, 25 B.T.A. 261; affd., 64 Fed. (2d) 262; certiorari denied, 290 U.S. 637.

With respect to the testimony as to the property being worthless, this consists of the opinion of the taxpayer based largely upon what was told him. He was not an expert in property values in Florida and we cannot attach sufficient weight to this testimony to find that the property was in fact worthless in 1930. The petitioner did testify that he undertook to give the property away. However, he did not state under what conditions, with respect to obligations for certain improvements or to what extent he made a search for someone who could have put such property to use. It may well be that the particular individual or individuals to whom he made such an offer might not have been able to either undertake to sell same or to use it. Because of the general reduction in value in the so-called collapse of land values in the United States, and particularly the reduction in values in Florida since the collapse of the boom in that

state, property may be very slow in selling. A purchaser might not be found within any particular time, but we are not convinced that the property had no value whatever.

Following our previously decided cases, we hold that the petitioner is not entitled to the deduction claimed.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

SMITH, dissenting: In my opinion the petitioner's investment in the real estate in question is deductible as a loss of the taxable year 1930. The facts as set forth in the majority report show conclusively that the real estate was acquired by the petitioner in transactions entered into for profit and that it was totally worthless in 1930. Section 23 (e) of the Revenue Act of 1928 permits the deduction of losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit. The statute makes no distinction between transactions involving the purchase of real estate and other transactions. I therefore disagree with the reasoning of the majority opinion, or at least with the inference to be gained from the reasoning of the cases cited and relied upon, that no deduction can be taken for a loss of an investment in real estate until such real estate has been sold or otherwise disposed of irretrievably. The unreasonableness and impracticability of such a requirement is clearly illustrated by the facts in the instant proceeding, where the petitioner during the taxable year tried to sell the property for the amount of the taxes due but was unable either to sell it or to give it away with the tax overburden.

It seems to me that the identifiable event fixing the loss in 1930, which, in the majority opinion, is said to be lacking, is to be found in the foreclosure proceedings brought on its tax liens against the property by the State of Florida in that year, resulting in the issue of the tax sale certificates to the state and in the fruitless attempts of the petitioner to dispose of the property. In my opinion the statutory equity of redemption did not effect a postponement of the realization of the petitioner's loss, nor did the expiration of the redemption period supply as sound or practical a test for identifying the loss as is afforded by the events which occurred in the taxable year before us. I think that our decision in this proceeding should follow *Denman* v. *Brumback*, 58 Fed. (2d) 128, cited in the majority opinion.

BLACK agrees with this dissent.