*216 OPINION.
Turner:
Petitioner contends that the respondent erred in determining that a portion of the withdrawals made by him during the taxable year from the Rhodes-Jennings Furniture Co. constituted dividends instead of loans. He urges that the circumstances under which the withdrawals were made and the manner in which they were treated by him and the corporation sustain his contention.
We think it is clear that both petitioner and the corporation regarded the withdrawals as loans. The corporation carried them as accounts receivable on its books and showed them as such in its balance sheet which it submitted to third parties for credit purposes. At the beginning of the taxable year petitioner gave to the corporation as collateral a note for approximately the amount of the unpaid withdrawals. During the year interest was paid on the note at the rate of 6 percent per annum. Withdrawals made during the taxable year amounted to $96,423.32, while repayments amounted to $102,-984.80, or $6,561.48 in excess of the withdrawals. Petitioner was able financially to repay the amounts withdrawn. The evidence not only shows that the withdrawals were regarded as loans and were to be repaid, but that in a later year they were paid in full. On these facts we hold that the amounts in controversy constituted loans and not dividends. Kate C. Ryan, Executrix, 2 B. T. A. 1130; Comey & Johnson Co., 8 B. T. A. 52; D. Bruce Forrester, 12 B. T. A. 104.
Petitioner contends that the contract to purchase the Davis property became worthless in 1927, resulting in a loss to him in that year of $15,762.50, which he is entitled to take as a deduction. The respondent contends that the contract did not become worthless in 1927 and that any loss sustained by petitioner was sustained in 1928 when petitioner sold his interest thereunder. There is no controversy as to the amount allowable in the event we hold that petitioner sus *217 tained a loss in 1927, the parties having stipulated the amount paid on the purchase price of the property.
As a result of his investigation in September 1927, petitioner decided that the property covered by the contract was not worth the balance owing thereon and that the contract therefore was worthless. In the spring of 1928, however, he sold his interest under the contract for $1,000 or $1,100. Petitioner stated that he was surprised when he received the offer, but there is nothing in the record to indicate that the value of the property or of other real estate in that vicinity had improved to any extent after September 1927. It would thus appear that the value of the property was as much in 1927 as in 1928 when petitioner disposed of his interest under the contract. This being true, we are unable to find that the contract became worthless in 1927 as petitioner contends. Cf. Anderson & Gustafson, 3 B. T. A. 531; International Educational Publishing Co., 30 B. T. A. 1090; affd., 79 Fed. (2d) 343.
Petitioner also contends that he sustained a deductible loss of $28,875 on the Spann property during the taxable year, and the parties have stipulated that the foregoing amount is correct if petitioner is entitled to a loss deduction in respect of the said property. Petitioner took title to the Spann property in 1925, assuming first and second mortgages, and gave the sellers a third mortgage thereon to secure payment of certain purchase price notes. Upon nonpayment of the notes, the sellers, without resorting to foreclosure of the mortgage, brought suit and obtained judgment on the notes. Petitioner subsequently paid the judgment. What action, if any, the holders of the two prior mortgages have taken is not disclosed by the record. The situation, therefore, is not one involving a loss resulting from the foreclosure of a mortgage.
Petitioner claims that the loss deduction should be allowed on the ground that he determined the property to be worthless and abandoned it during the taxable year, and for the further reason that the property was sold during that year for unpaid state, county, and city taxes. We have considered the claim of abandonment of real estate as the basis for a loss deduction in respect thereto in numerous cases and have decided the issue adversely to the claim of the petitioner herein. A. J. Schwarzler Co., 3 B. T. A. 535; Greenleaf Textile Corporation, 26 B. T. A. 737; affd., 65 Fed. (2d) 1017; Frederick Krauss, 30 B. T. A. 62. The question as to whether a sale of Florida real estate for taxes is such an event as to give rise to a deductible loss has also been carefully and fully considered in Frederick Krauss, sufra, and determined adversely to the petitioner. We accordingly hold that petitioner is not entitled to the loss deduction claimed in respect of the Spann property.

Decision will be entered under Rule 50.