J. C. HAWKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. M. FAISON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MAYME HAWKINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 81323–81325.   Promulgated August 7, 1936.

*J. W. Sewell, Esq.,* for the petitioners.
*Thomas F. Callahan, Esq.,* for the respondent.

OPINION.

LEECH: It is apparent that petitioners each actually sustained a loss of $5,666.66. The only issue is when those losses are deductible for income tax purposes. Respondent contends that they occurred when the property was sold at auction under mortgage foreclosure on November 24, 1931, on the ground that absolute title passed from petitioners then. Petitioners deducted their losses on their income tax returns filed for 1932. They argue that the loss was not sustained

until the expiration, in that year, of the 12-month period for redemption of the property, allowed under the California statutes.

The Revenue Act of 1932, section 23 (e), is applicable.

Losses are deductible, only, for the year in which they are sustained. *Jessie S. Meachem*, 22 B. T. A. 1091. Their sustentation must be fixed by some identifiable event (*United States* v. *White Dental Manufacturing Co.*, 274 U. S. 398), and, as a rule, evidenced by closed and completed transactions. *Ewing Thomas Converting Co.* v. *McCaughn*, 43 Fed. (2d) 503; certiorari denied, 282 U. S. 897. Although in cases involving losses in reference to personal property, exception has been made where they "are so reasonably certain in fact and ascertainable in amount as to justify their deduction, in certain circumstances, before they are absolutely realized" (*Lucas* v. *American Code Co.*, 280 U. S. 445), where the loss is in reference to real estate, it has been held in a long line of cases that a sale of the real estate alone satisfies the requirement. *A. J. Schwarzler Co.*, 3 B. T. A. 535; *Greenleaf Textile Corporation*, 26 B. T. A. 737; affd., 65 Fed. (2d) 1017; *Frederick Krauss*, 30 B. T. A. 62; *Herman M. Rhodes*, 34 B. T. A. 212. And, that conveyance must be absolute. Cf. *Frederick Krauss, supra; Herman M. Rhodes, supra.*

Under the pertinent California statutes,[1] the sale on a mortgage foreclosure here was not absolute. It did not become absolute until

---

[1] California Code of Civil Procedure—

§ 700. *Sale of real property. What purchaser is substituted to and acquires.* Upon a sale of real property, the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto on the date of the levy of the execution thereon, where such judgment is not a lien upon such property; if the judgment is a lien upon the real property the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor on or at any time after the day such judgment became a lien on such property; and in case property, real or personal, has been attached in the action, the purchaser is substituted to and acquires all the right, title, interest and claim of the judgment debtor on or at any time after the day the attachment was levied upon such property.

§ 700a. *When sales are absolute. What certificate must show.* Sales of personal property, and of real property, when the estate therein is less than a leasehold of two years' unexpired term, are absolute. In all other cases the property is subject to redemption, as provided in this chapter. The officer must give to the purchaser a certificate of sale, and file a duplicate thereof for record in the office of the county recorder of the county, which certificate must state the date of the judgment under which the sale was made and the names of the parties thereto, and contain:

1. A particular description of the real property sold;
2. The price bid for each distinct lot or parcel;
3. The whole price paid;
4. If the property is subject to redemption, the certificate must so declare, and if the redemption can be effected only in a particular kind of money or currency, that fact must be stated.

§ 702. *When it may be redeemed, and redemption—money.* The judgment debtor, or redemptioner, may redeem the property from the purchaser any time within twelve months after the sale on paying the purchaser the amount of his purchase, with one per cent per month thereon in addition, up to the time of redemption, together with the amount of any assessment or taxes which the purchaser may have paid thereon after the purchase, and interest on such amount. And if the purchaser be also a creditor, having a prior lien to that of the redemptioner, other than the judgment under which said purchase was made, the amount of such lien with interest.

§ 703. *Another redemptioner may redeem.* * * *

\*     \*     \*     \*     \*     \*     \*

the expiration of the 12-month redemption period, without redemption. During that interval the mortgagors, petitioners, retained and possessed not a mere option to repurchase but an equity of redemption in the property. Upon exercise of such right, petitioners would have acquired no new title to the property. The foreclosure sale, which is practically indistinguishable from the creation of a lien, secured by the property, would merely be wiped out, and the title remain as before such sale. *Huntington* v. *Perrin*, 223 Pac. 94.

In some jurisdictions, including Massachusetts, upon execution of a mortgage, the mortgagee acquires legal title to the mortgaged property, subject to a power of defeasance of the title by the exercise of an equity of redemption retained by the mortgagor. *Way* v. *Mullett*, 143 Mass. 49; 8 N. E. 881; *Beal* v. *Attleboro Savings Bank* (*Mass.*), 142 N. E. 789. So far as we know, it has never been held that in those jurisdictions a loss was sustained by the mortgagor upon execution of the mortgage.

The equity of redemption retained here by the taxpayers during the year succeeding the foreclosure sale was a substantial right in the property. It was assignable. Sec. 203 of the California Code, *supra*. Its source was in petitioners' title to the property. It was one of petitioners' definite rights in the property. It was inherent in and inseparable from petitioners' title to the property. *Huntington* v. *Perrin*, *supra*. In that case, which is cited in petitioners' brief and in G. C. M. 12736, C. B. XIII–1, p. 120, upon which respondent relies, in denying the disputed deductions, the owner of certain real property mortgaged it to one person and then conveyed the mortgaged property to several other persons as tenants in common. Thereafter, the holder of the mortgage foreclosed, and at the sale thereunder, bid in the property for the mortgage debt. Thereupon,

---

*Sheriff's deed.* If no redemption be made within twelve months after the sale, the purchaser, or his assignee, is entitled to a conveyance; or, if so redeemed, whenever sixty days have elapsed, and no other redemption has been made, and notice thereof given and the time for redemption has expired, the last redemptioner, or his assignee, is entitled to a sheriff's deed; but in all cases, the judgment debtor shall have the entire period of twelve months from the date of the sale to redeem the property.

*Redemption by judgment debtor.* If the judgment debtor redeem, he must make the same payments as are required to effect a redemption by a redemptioner. If the debtor redeem, the effect of the sale is terminated, and he is restored to his estate. * * *

§ 706. *Until the expiration of redemption-time, court may restrain waste on the property. What considered waste.* Until the expiration of the time allowed for redemption, the court may restrain the commission of waste on the property, by order granted with or without notice, on the application of the purchaser or the judgment creditor. But it is not waste for the person in possession of the property at the time of sale, or entitled to possession afterwards, during the period allowed for redemption, to continue to use it in the same manner in which it was previously used; or to use in the ordinary course of husbandry; or to make the necessary repairs of buildings thereon; or to use wood or timber on the property therefor; or for the repair of fences; or for fuel in his family, while he occupies the property.

§ 707. *Rents and profits.* The purchaser from the time of the sale until a redemption, and a redemptioner, from the time of his redemption until another redemption, is entitled to receive, from the tenant in possession, the rents of the property sold, or the value of the use and occupation thereof. * * *

one of the tenants in common, with the purpose of acting for himself, alone, purchased from the mortgagee, prior to the expiration of the 12-month period for redemption, the certificate of sale issued to him by the sheriff and, as the assignee of the mortgagee, received the sheriff's deed at the expiration of the 12-month redemption period. It was contended by the other tenants in common that, although the action taken by one of their number was without their participation, it was no more than the redemption of the property and was for the benefit of all joint tenants. The tenant in common who had acquired the sheriff's deed to the property defended upon the ground that respondent urges here. It was thus argued that, under the California statute, here involved, the purchaser at the foreclosure sale obtained then and there all the right and title of the debtor— that the conveyance was then absolute. His position was that the joint tenants were deprived absolutely of the mortgaged property when it was bid in at the foreclosure sale; that the joint tenancy then ended since it could no longer exist with respect to property that had passed to another, and that when he acquired the interest of the purchaser at the foreclosure sale, he was no longer a joint tenant, acting in the interest of the tenancy as such, but as an individual purchaser of title absolute. The court refused to accept this view. It was held that prior to the expiration of the period of redemption, the purchaser at the foreclosure sale was not the absolute owner of the property. The court said:

The provisions of the Code of Civil Procedure relied upon by the respective parties recite that a redemptioner or judgment debtor may redeem from the purchaser at any time within 12 months after the sale upon conditions prescribed by the statute. The provisions which here control appear as subdivisions of section 703, and are as follows:

If no redemption be made within twelve months after the sale, the purchaser, or his assignee, is entitled to a conveyance; or if so redeemed, whenever sixty days have elapsed, and no other redemption has been made, and notice thereof given, and the time for redemption has expired, the last redemptioner, or his assignee, is entitled to a sheriff's deed; but, in all cases, the judgment debtor shall have the entire period of twelve months from the date of the sale to redeem the property.

\* \* \* \* \* \* \*

\* \* \* In proceedings of this kind, the provisions of section 700, Code of Civil Procedure, that "the purchaser is substituted to and acquires all the right, title, interest and claim of the judgment debtor," are qualified by and subject to the condition above quoted from section 703. *Leet* v. *Armbruster*, 143 Cal. 663, 667, 77 Pac. 653. This principle is one of long standing in California, and is so held in the cases cited by appellant. In *Duff* v. *Randall*, 116 Cal. 226, 48 Pac. 66, it is said that:

The sale is simply a conditional one, which may be defeated by the payment of a certain sum by certain designated parties within a certain limited time. If not paid within the time the right to a conveyance becomes absolute without any further sale, or other act to be performed by anybody.

In *Leaver* v. *Smith*, 47 Cal. App. 476, 190 Pac. 1050, this court said:

> The effect of this provision is to confer upon the purchaser full title, except that within the ensuing period of 12 months after sale an equity of redemption is possessed by the judgment debtor. When the full period of 12 months has elapsed there no longer exists any equity in the judgment debtor; hence, the purchaser becomes possessed of an absolute title at that time.

Appellant also cites *McNutt* v. *Nuevo Land Co.*, 167 Cal. 459, 140 Pac. 6, holding:

> The effect of the foreclosure sale "is of itself to extinguish the right and claim of all the defendants in the action acquired subsequent to the date of the mortgage, and to vest in the purchaser the title of the mortgagor at the date of the mortgage, discharged of all such right and claim." * * * It is only when the judgment debtor redeems that the effect of the sale is terminated and he is restored to his estate.

But by the latter statement the opinion so qualifies the beginning of the quotation as to leave its entire purport in harmony with other decisions, and in effect to say that a purchaser's title is not absolute, but subject to the mortgagor's right to redeem, and to be entirely divested thereby. Appellant furnishes no authority nor are we able to find one holding that a purchaser at foreclosure sale acquires the absolute title.

No later California case has been called to our attention. Since the purchaser at such mortgage foreclosure sale does not acquire absolute title until the expiration of the redemption period, it follows that the mortgagor does not completely part with that title during the same time.

Respondent argues, citing California authority for his position, that, since the mortgage debt is extinguished "by the foreclosure proceedings, and the purchase of the mortgaged premises by the plaintiff [mortgagee] for the full amount of the debt and judgment, * * *" the debtor must have parted with absolute title at the same time. Assuming the correctness of his premise, the conclusion is unsound.

The extinction of the mortgage debt depends on the receipt of payment by the mortgagee, as such. See *Ewen MacLennan*, 20 B. T. A. 900; *John Hancock Mutual Life Insurance Co.*, 10 B. T. A. 736. Our question is determined not by what the mortgagee received as such, in those proceedings before the expiration of the redemption period, but by what the mortgagor lost thereby.

The debt may have then been satisfied. But that fact is not decisive or even significant in determining what title or what property of the mortgagor was then disposed of, from the proceeds of which, theoretically in this case, the mortgagee was paid.

If, as we have heretofore held, a tax sale of real estate is not such an identifiable event as will fix a loss (*Frederick Krauss, supra*, and *Herman M. Rhodes, supra*,) we think the present mortgage foreclosure sale did not do so. It may be true that legal title passes in

one instance and not in the other and that, technically, the rights acquired by the purchaser at a mortgage foreclosure sale may have been higher than those acquired by the purchaser at such tax sales. But, the controlling fact remains that in neither event was the sale absolute and the transaction closed until the expiration of the right of the original owners to redeem the property. Until the end of that period, they retained and owned that substantial right in the property. The property was not lost until that right was lost.

Respondent erred in disallowing the disputed loss deduction. Cf. *Canisteo Mining Co.* v. *Helvering*, 76 Fed. (2d) 378.

Reviewed by the Board.

*Decision will be entered under Rule 50.*