### UNITED STATES v. SPALDING.
### No. 9602.

Circuit Court of Appeals, Fifth Circuit.
Oct. 21, 1940.

Norman D. Keller, J. Louis Monarch, William L. Cary, and Sewall Key, Sp. Assts. to the Atty. Gen., W. B. Waldo, Atty., Department of Justice, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

Joseph B. Brennan, of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Hughes Spalding was denied a claim of loss as realized in 1933 by a sale of land to his father accompanied by an option to repurchase. He paid the additional income taxes assessed and sued in the District Court to recover them as illegally collected. The answer denied that the sale was "a genuine and legal sale in contemplation of the federal income tax laws" and averred that "it resulted in no loss whatsoever within the meaning of the applicable internal revenue laws."

The fact issue tried by the judge without a jury was whether the transaction was a real sale or a pretended one. The judge found that the taxpayer, owing some $93,-000 in connection with certain tracts of land which had cost him $110,000, was about to lose them, when his father paid the debts and received fee-simple deeds from the creditors and the taxpayer on Dec. 1 and 19th, 1933. On Dec. 21, 1933, the father executed an instrument which, reciting the purchase, gave the son the right to occupy the land in consideration of his paying present and future taxes, and keeping the improvements in good repair, and granted the son "the right and option to purchase said tracts or parcels of land during the lifetime of the second party, or as herein provided upon the death of the first party, at the price of $90,000 without interest." There were further provisions under which portions only of the land might be purchased at stated prices, one-fourth cash and balance by notes. The transaction was in good faith and intended to be what the instruments on their face indicate. The taxpayer occupied the premises and paid the taxes but did not exercise in any way the option to purchase, nor agree to pay the father anything. The father died before the trial and the option came to an end. The lands in 1933 were fairly worth $90,000 and the value has not changed since. Judgment was given for the taxpayer.

On this appeal the fact findings are not disputed, and the sole contention is that a sale for less than cost by a taxpayer to another with an option to repurchase at the same or a less price does not realize a loss until the option expires. Appellee urges that this contention was not made in the court below, and that appellant cannot initiate it here. It will be noted that appellee will not thereby be prejudiced as respects the evidence, for the facts are taken to be just what he contends. He now has full opportunity to be heard on the law. We see no reason why in such a case an appellate court should not apply the true law to the facts even though it was overlooked in the court below. The issue tendered by the answer as above quoted is a challenge of the sufficiency of the sale both in law and in fact.

Did the sale realize the loss in 1933? It is plain the taxpayer has suffered a loss of $17,000, being the difference between the cost of $110,000 and the $93,000 of debts paid, because the property is forever gone now. The only question is whether he suffered it in 1933 when fee-simple title was conveyed to his father, or years later when his privilege to buy it back for $90,000 ceased. Sect. 24(a) (6) of the Revenue Act of 1934, 48 Stat. 691, 26 U.S.C.A. Int.Rev.Acts, page 676, denies deduction of a loss in respect of a sale to an ancestor, but that has no effect upon a sale made in 1933. When this transaction took place a sale to one's father, if

real and bona fide, differed in no respect in its tax consequences from a sale to anyone else. We think the case of Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406, holding that a sale to one's wholly-owned corporation did not realize a loss is inapposite. A father in no way resembles a wholly-owned corporation. Nor does this transaction resemble a "wash sale" of stocks not recognized by law. In wash sales the taxpayer within thirty days actually reacquires substantially the same property sold. The taxpayer here never reacquired his property. The holding in Commissioner v. Hawkins, 5 Cir., 91 F.2d 354, affirming 34 B.T.A. 918, that a sale on a mortgage foreclosure in California did not realize a loss till the period of redemption expired, is not in point. There, as is usual in a tax sale, the knocking of the property off to a purchaser is the beginning and not the end of the sale. The purchaser under the law gets no final title, and usually no deed, until the period of redemption definitely fixed by law expires. In the transaction before us, found to be bona fide in every respect, full title vested in the father, and the indebtedness of the taxpayer taken up previously by him was fully discharged, on the delivery of the deeds. The contract giving for a consideration the privilege of occupying for an unfixed time and the right to repurchase in whole or part at prices which were not the debt discharged but the lesser real value of the properties, was made three days later, though in outline agreed on before. That agreement did not suspend the sale of the land or the extinguishment of the $93,000 of indebtedness, but provided. for a new relationship to some or all of the land if the taxpayer during a period of time which lasted several years chose to assume it. The taxpayer never chose, if indeed he was financially able, to repurchase any of it. The property never became more valuable so as to make the right to repurchase of any value. If that had happened a profit on a resale could have been made. It did not happen, and we see no just basis for saying that the $17,000 loss which has been incurred was not realized by the completed sale of this property in 1933. The option was another contract which afforded a possibility of a recoupment of some of the loss, but the possibility never came to pass.

Judgment affirmed.