354

sult thereof. The contract he executes may be incontestable; it may be fully performed, but these facts in no wise affect or detract from the liability he has created by his tort.

I find no implication in either the Indiana statute or the insurance policy to create an estoppel against the assertion of the remedy for the tort. Rather, in order to create such an estoppel, either the contract of the parties or the statute of the state must be broadened to include provisions not only for incontestability of the contract but also for nonliability for the tort committed.

It seems to me, therefore, that to permit the recovery sought by appellant in no way goes beyond any intent of the statute or the contract of the parties. Neither cuts off any independent liability for deceit. The insurance company must still perform its contract, but the one committing the tort must likewise pay such damages as result from his wrongful act. It seems to me that the judgment should be reversed.

Asst. Atty. Gen., and Morrison Shafroth, Chief Counsel, Bureau of Internal Revenue, and Charles H. Curl, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for petitioner.

Ben D. Clower, of Tyler, Tex., for respondents.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This case presents merely a question of whether petitioners were entitled to take a deduction on their returns from 1932 for a loss occasioned by the foreclosure of a mortgage and consequent sale of a large tract of land in California in 1931. The facts are not in dispute. The Board in a well-considered opinion, reported in 34 B. T.A. 918, carefully reviewed the law and held that the loss did not occur until the end of the redemption period in 1932.

We concur in the ruling of the Board. The petition is denied and the judgment of the Board is affirmed.

## COMMISSIONER OF INTERNAL REVENUE v. HAWKINS et al.
No. 8397.

Circuit Court of Appeals, Fifth Circuit.

July 16, 1937.

Berryman Green and Sewall Key, Sp. Assts. to the Atty. Gen., James W. Morris,

## ALM et al. v. AMERICAN HAIR & FELT CO.
No. 6129.

Circuit Court of Appeals, Seventh Circuit.

June 30, 1937.

