## BINZ HIDE & TALLOW CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 11437.

Circuit Court of Appeals, Eighth Circuit.
July 20, 1939.

Chase Morsey, of St. Louis, Mo., for petitioner.

S. Dee Hanson, Sp. Asst. to Atty. Gen. (Sewall Key, J. Louis Monarch, and Mac Asbill, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER and THOMAS, Circuit Judges, and WYMAN, District Judge.

THOMAS, Circuit Judge.

This is a petition of a taxpayer to review a decision of the United States Board of Tax Appeals redetermining a deficiency in income tax for the year 1933 in the amount of $2,566.89.

In brief petitioner claims that its president, Frank J. Binz, acting as trustee for petitioner, entered in 1925 in his own name but in fact as trustee for petitioner upon a speculative enterprise to recoup $20,000 lost by the company in 1923; that the enterprise was a disappointment; and that it culminated in 1933 in a net loss to the company of $26,590.26, for which it claimed a deduction in its income tax return for that year. The deduction was not allowed by the Commissioner, and upon appeal his decision was sustained by the Board. The Board's decision is predicated upon its findings: (1) that Frank J. Binz was not a trustee for petitioner in the enterprise in which the loss occurred; and (2) that the alleged loss did not occur in 1933, but in 1932, if at all.

Either one of these two facts found by the Board is sufficient to sustain the order. We think there is substantial evidence to support the finding that Binz was not acting as trustee for the taxpayer.

The evidentiary facts disclosed in the record so far as material are as follows:

The taxpayer, Binz Hide and Tallow Company, is a Missouri corporation with its principal place of business at St. Louis. Its stockholders were Frank J. Binz, president, his mother, his two brothers, his sister, his sister-in-law, and Carl Barutio, secretary and bookkeeper, who owned 5 shares. Of these only Frank J. Binz and Barutio testified at the hearing before the Board.

In 1925 Frank J. Binz undertook the development of a subdivision in St. Louis County, Missouri, called Greendale Subdivision. In that year one Smutz organized the Smutz-Binz Realty & Investment Company with 400 shares of stock. The stock was issued in exchange for a tract of land subject to a mortgage for $25,000. Binz purchased 200 shares of the stock paying for it with cash or its equivalent in the sum of $20,000. In 1926 he acquired the other 200 shares and changed the name of the corporation to the Binz Realty & Investment Company.

The operations of the Realty Company were not successful. In April, 1932, it was indebted to a bank upon its promissory note, endorsed by Binz, for $29,900. The note was secured by collateral consisting of mortgages of $1250 each upon the remaining 37 lots of the Realty Company, and it owed Binz for advancements on account $6,590.26. A Mr. Van Raalte, one of the endorsers on the $29,900 note, purchased the note from the bank and obtained with it the collateral mortgages. He foreclosed the collateral and sold the 37 mortgages to the Vancoh Realty Company of which he was president for $5,000. The Vancoh Realty Company threatened suit, and in settlement the Binz Realty & Investment Company conveyed by quitclaim deeds the 37 lots to the Vancoh Realty Company in April 1932. On June 15, 1932, the lots were charged off on its books, and the Binz Realty Company was then insolvent.

Prior to December 19, 1933, nothing in the records of the corporations or the personal accounts of Frank J. Binz indicated or disclosed that in these transactions he was acting as trustee for the Binz Hide and Tallow Company. Binz had been carrying on in his own name and for his own account various enterprises; and he had withdrawn money from the funds of the taxpayer and used it in his various businesses. At that time he was indebted to it in the sum of $61,381.17 on open account and in the sum of $175,000 on notes receivable. The minutes of a meeting of the directors of the taxpayer under date of December 19, 1933, show the adoption of a resolution stating that Binz had in the

transactions recited above been acting as trustee for the company, and $46,590.26 was directed to be taken out of his open account with the company and transferred and charged against Frank J. Binz, trustee. Thereafter this amount was claimed to be a loss of the company in that year.

To establish the existence of the trust from the beginning of the transactions in 1925, Binz testified that the development of the subdivision was begun in the interest of taxpayer after a discussion of the matter with the stockholders at which time they all agreed. Nothing, however, was recorded in the books of the corporation to that effect. The alleged motive of the stockholders was to recoup a $20,000 loss sustained in the Chippewa Bank as a result of a defalcation of its cashier. As a reason for not issuing the stock of the Binz Realty and Investment Company to the taxpayer, Binz testified that his attorney advised him that under the law of Missouri one corporation was not permitted to hold stock in another. No change was made in the records and the stock was not transferred to the taxpayer when the law was changed in 1927, although Binz knew of the change.

The finding of the Board that Binz was not acting as trustee for the taxpayer in the development of the subdivision is further supported by the income tax returns of the Binz Realty & Investment Company for 1931, 1932, and 1933; of the taxpayer for 1932 and 1933; and of Frank J. Binz for 1932 and 1933. All of these income tax returns were executed by Frank J. Binz. In none of them prior to taxpayer's return for 1933 is it indicated that Binz was a trustee for the taxpayer in the handling of any of the property used in the subdivision enterprise. It does not appear that the taxpayer was the owner of the stock, or any part of it, of the Binz Realty & Investment Company. The first appearance of the claim that a trust existed is in taxpayer's return of 1933 filed March 14, 1934, subsequent to the resolutions appearing on the minutes of the corporation under date of December 19, 1933.

It is contended that the finding of the Board that Binz was not trustee for the taxpayer is a conclusion of law, or at least a determination of a mixed question of law and fact, and that therefore it is subject to judicial review. Helvering v. Tex-Penn Oil Co., 300 U.S. 481, 57 S.Ct. 569, 81 L.Ed. 755; Western Battery & Supply Co. v. Hazelett Storage Battery Co., 8 Cir., 61 F.2d 220; Bogardus v. Commissioner, 302 U.S. 34, 38, 58 S.Ct. 61, 82 L.Ed. 32. But in this case the findings of evidentiary facts by the Board are supported by substantial evidence, and the inference drawn from such facts by the Board is logical. It can not be said, therefore, that the Board has not applied the correct rule of law to the facts. If we were at liberty to try the case de novo in this court we would be forced to the same conclusion as that reached by the Board. Helvering v. Rankin, 295 U.S. 123, 55 S. Ct. 732, 79 L.Ed. 1343; Elmhurst Cemetery Co. v. Commissioner, 300 U.S. 37, 57 S.Ct. 324, 81 L.Ed. 491; Palmer v. Commissioner, 302 U.S. 63, 58 S.Ct. 67, 82 L. Ed. 50.

It was claimed the loss occurred in 1933 and not in 1932 because at the time the quit claim deeds to the 37 lots were executed and delivered in April, 1932, there was an oral agreement, embodied in a letter from Mr. Van Raalte, to the effect that if three-fourths of the lots could be sold on or before May 1, 1933, the entire indebtedness to the Vancoh Realty Company would be cancelled. This was in effect, it is claimed, a right of redemption, and the loss was not sustained until the period of redemption expired. Reliance is placed upon Commissioner v. Hawkins, 5 Cir., 91 F.2d 354. Since we hold that Binz did not act as trustee for the taxpayer in the development of Greendale Subdivision, but for himself, it is unnecessary to consider the question thus presented. The decision of the Board is affirmed.