COMMISSIONER OF INTERNAL REVE-
NUE v. HAMMEL et ux.

No. 8043.

Circuit Court of Appeals, Sixth Circuit.

Jan. 10, 1940.

Arthur A. Armstrong, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

John J. Sloan, of Detroit, Mich. (John J. Sloan, of Detroit, Mich., and Godfrey Hammel, on the brief), for respondents.

Before HICKS, HAMILTON, and AR-ANT, Circuit Judges.

HAMILTON, Circuit Judge.

This is a petition by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals disallowing a deficiency in income taxes of $426 for the calendar year 1934, found by him to be due from the respondents, but disallowed by the Board.

The statutes involved are Sections 23(e) (2), 26 U.S.C.A. § 23(e) (2), Section 111 (a), 26 U.S.C.A. § 111(a), Section 117(a) (b) (d), 26 U.S.C.A. § 101(a, b, d).

During the years 1926 to 1930, both inclusive, the respondents, Godfrey Hammel and Pearl Hammel, husband and wife, paid $4,998.03 into a syndicate of which they

were members on a land contract which it had purchased, consisting of 80 acres of land in Oakland County, Michigan. The purchase price was $96,000 and the syndicate paid $20,000 at the time of purchase and thereafter approximately $4,000, leaving unpaid $72,000 together with accrued interest and delinquent state and county taxes.

In 1934, the property, being worth no more than approximately $8,000 and the syndicate having defaulted in payments, the vendor, Julia Adams, commenced foreclosure proceedings in the Oakland County Circuit Court and obtained a foreclosure decree without equity of redemption which on appeal the Michigan Supreme Court affirmed and on March 26, 1934, the Sheriff, pursuant to said decree, sold the property at public auction which resulted in a deficiency judgment of approximately $79,000 against the syndicate members jointly and severally.

On April 26, 1934, the respondent, Pearl Hammel, was adjudged a bankrupt and discharged July 28, 1934. The land was the sole asset of the syndicate and none of its members received any sum in distribution. The respondents lost the entire $4,998.03, which they had paid in and filed a joint income tax return for the calendar year 1934, deducting this sum as a loss. The petitioner on audit and review reduced the loss to $2,000 pursuant to the provisions of Section 117(d) of the Revenue Act of 1934, 48 Stat. 714, 26 U.S.C.A. § 101 (d).

Respondents appealed to the Board of Tax Appeals from the deficiency, which decided that the entire loss was deductible under the provisions of Section 23(e) (2) of the Revenue Act of 1934, 48 Stat. 680, 26 U.S.C.A. § 23(e) (2), hence this appeal.

The Revenue Act of 1934 (c. 277, 48 Stat. 680) provides that in computing the taxable net income of an individual for the taxable year there may be deducted from gross income losses sustained during the year from any transaction entered into for profit [Sec. 23(e) (2)]. The deductible loss from the "sale" or other disposition of property is determined by subtracting the amount realized from the cost basis, less depreciation, plus capital expenditures, etc. [Sec. 111(a)] but if the loss results from the "sale or exchange" of a "capital asset" [Sec. 117(b)] only a specified percentage of the loss realized may be deducted in determining net income [Sec. 117 (a)] and the total deduction may not exceed $2,000 plus gains from sales or exchanges of capital assets [Sec. 117(d)].

In the case at bar the parties have stipulated that respondents lost $4,998.03 during the taxable year and it is conceded that this loss is deductible unless limited to $2,000 under Section 117(d). It is also conceded that the interest involved was a capital asset and the loss determinable at the time of the foreclosure sale. The question thus narrows itself to the simple one as to whether a foreclosure by a vendor is a sale, as that word is used in the Revenue Act.

 It is unquestionably within the competence of the Congress when imposing a tax to modify or abrogate for the purpose of the Act any rule of law or equity which otherwise would be applicable to the subject matter. Whether it has done so or not must always be a question of the true construction of the particular statute under consideration and the only method of interpretation is to ascertain the intention of the Congress from the language and provisions of the Act itself, and it is presumed that the words used therein are to be given their known and ordinary signification. Their popular import furnishes the general rule for interpretation and their plain, obvious and rational meaning is always preferred to any curious, narrow or hidden sense. Old Colony Railroad Co. v. Commissioner, 284 U.S. 552, 560, 52 S. Ct. 211, 76 L.Ed. 484.

 Under the laws of Michigan, when a vendee defaults on a land contract containing the usual forfeiture clause, the vendor may treat it as continuing in force and sue at law for payments due or bring suit in equity for a foreclosure of his lien or he may declare the contract forfeited. On a declaration of forfeiture, the contract is ended and the vendor is relieved of the duty to convey and the vendee of the duty to pay. On an equitable foreclosure, the vendor may obtain a deficiency judgment. Chicago Boulevard Land Co. v. Apartment Garages, 245 Mich. 448, 222 N.W. 697; Barnard v. Huff, 252 Mich. 258, 233 N. W. 213, 77 A.L.R. 259. It follows that the vendor here in question had the right to deprive the respondents and their joint adventurers of all interest in the property by a declaration of forfeiture and the only additional advantage of foreclosure was to obtain a deficiency judgment.

■ "Sale" is a word of precise legal import. Its elements are (1) parties competent to contract, (2) mutual consent, (3) a thing the absolute or general property in which is transferred from the seller to the buyer, (4) a price in money paid or promised. Butler v. Thomson, 92 U.S. 412, 414, 23 L.Ed. 684; Williamson v. Berry, 8 How. 495, 49 U.S. 495, 544, 12 L.Ed. 1170. There is nothing in the legislative history of the statute in question or in the language of the act indicating that the Congress used the word "sale" in any sense other than its precise legal import or plain and obvious meaning.

If any one of the above elements be absent it is not a sale as that word is understood in its ordinary signification.

■ The respondents in the case at bar were not parties to the sheriff's sale and neither contracted for nor consented to it and received no part of the consideration. They were deprived of their interest in the property not by sale but by an adverse judicial proceeding which completely extinguished their title without consideration. The foreclosure was the identifiable event which established their loss. However, it was not established by a sale as that word is used in Section 117 of the Revenue Act of 1934. Commissioner of Internal Revenue v. Freihofer, 3 Cir., 102 F.2d 787; Burnet v. Harmel, 287 U.S. 103, 107, 53 S.Ct. 74, 77 L.Ed. 199; Hale v. Helvering, 66 App.D.C. 242, 85 F.2d 819.

The order of the Board is affirmed.