**COLEMAN v. KELLY, Former Collector of Internal Revenue.**

No. 190.

District Court, D. New Jersey.

June 2, 1941.

Child, Riker, Marsh & Shipman, and Everett M. Scherer, of Newark, N. J., for plaintiff.

William F. Smith, Acting U. S. Atty., of Newark, N. J., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and E. E. Angevine, Sp. Assts. to Atty. Gen., for defendant.

FORMAN, District Judge.

The plaintiff, hereinafter referred to as the taxpayer, on November 16, 1926, together with Charles L. Hedden purchased improved real estate in the City of Newark, N. J. They paid the sum of $42,500 for it, $12,500 cash and $30,000 by execution of a purchase money bond and first mortgage. The taxpayer and Hedden each contributed $6,250 to the $12,500 cash payment. The mortgage became in default for nonpayment of interest and taxes and the holder thereof demanded payment and threatened to institute foreclosure proceedings. In lieu thereof, the taxpayer and Hedden executed a deed on July 5, 1934, to the mortgagee and thereby conveyed to it their title to the property. The mortgage indebtedness at that time was the sum of $30,000, the original principal of the mortgage, with unpaid interest from July 30, 1931. The sum of $6,250 advanced by the taxpayer when title to the property was acquired by him and his associate was thereby wiped out.

This suit is for the recovery of $482.08 plus interest representing alleged overpayment of income tax and interest for the calendar year 1934. The case is before the court on the taxpayer's complaint, defendant's answer and an agreed statement of facts, from which the above resume is taken, together with certified copies of the taxpayer's income tax return for the year 1934 and his claim for refund upon which this action is predicated.

The sole question is whether the loss amounting to $6,250 was properly deducted in full by the taxpayer as an ordinary loss under Section 23 (e) (2) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 671, providing as follows:

"In computing net income there shall be allowed as deductions: * * *

"In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— * * *

"If incurred in any transaction entered into for profit, though not connected with the trade or business."

or whether it was allowable only to the extent of $2,000 as a capital loss under Section 117 (a), (d) of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 707, providing as follows:

" * * * In the case of a taxpayer, other than a corporation, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing income: * * *

"Losses from sales or exchanges of capital assets shall be allowed only to the extent of $2,000 plus the gains from such sales or exchanges."

58

The issue is confined to the narrow determination of whether or not the conveyance to the mortgagee involved a "sale or exchange" of a capital asset.

The plaintiff relied among others on the case of Commissioner v. Freihofer, 3 Cir., 102 F.2d 787, 125 A.L.R. 761, in which the word "sale" as used in the provisions of the revenue statute limiting the deduction of losses from sales or exchanges of capital assets to $2,000 in excess of gains from such transactions included only sales voluntarily made by taxpayers and did not include foreclosure sales for amounts less than amounts of the mortgages.

He argued that the transfer in question to the mortgagee was on a parity with such a foreclosure sale and that he was entitled to the same tax treatment.

The position taken by the court in the case of Commissioner v. Freihofer, supra was followed in the case of Helvering v. Hammel, 6 Cir., 108 F.2d 753. However, in the case of Commissioner v. Electro-Chemical Engraving Co., 2 Cir., 110 F.2d 614, the court differed from the latter decisions and arrived at an opposite result.

To resolve this difference the Supreme Court granted certiorari in the cases of Commissioner v. Hammel and Commissioner v. Electro-Chemical Engraving Co., supra, and rendered its decisions in them on January 6, 1941. Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303, 131 A.L.R. 1481, Electro-Chemical Engraving Co. v. Commissioner, 311 U.S. 513, 61 S.Ct. 372, 85 L. Ed. 308.

In these cases the Supreme Court reversed the conclusions found in the cases of Commissioner v. Hammel and Commissioner v. Freihofer, and upheld that in the case of Commissioner v. Electro-Chemical Engraving Co. The Court stated: "We can find no basis in the language of the Act, its purpose or its legislative history, for saying that losses from sales of capital assets under the 1934 Act, more than its predecessors, were to be treated any differently whether they resulted from forced sales or voluntary sales." Helvering v. Hammel, 311 U.S. 504, 511, 61 S.Ct. 368, 371, 85 L.Ed. ——, 131 A.L.R. 1481.

It is our opinion that this decision determines with finality the contentions of the plaintiff and judgment accordingly will be entered in favor of the defendant.