EDWARD AND JOHN BURKE, LTD., N. Y., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1712. Promulgated June 27, 1944.

*Paul V. Wolfe, C. P. A.*, for the petitioner.
*Ellyne E. Strickland, Esq.*, for the respondent.

1036

## OPINION.

DISNEY, *Judge*: Petitioner contends that it sustained a deductible loss of $5,000 during the fiscal year ended October 31, 1940, when it abandoned a piece of real estate which it had purchased in 1929 and which had been sold for 1934 unpaid taxes on December 28. 1935. The applicable section of the Internal Revenue Code is set forth in the margin.[2] Respondent contends that petitioner sustained its loss in the fiscal year ended October 31, 1937, the one-year period of redemption provided for by section 152 of the Tax Law of the State of New York [3] having expired on December 27, 1936.

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.
  In computing net income there shall be allowed as deductions:
    *        *        *        *        *        *        *
  (f) LOSSES BY CORPORATIONS.—In the case of a corporation. losses sustained during the taxable year and not compensated for by insurance or otherwise.
  [3] Section 152 ot the Tax Law ot the State of New York is part of article 7 (entitled, "sales by County Treasurers for Unpaid Taxes and Redemption of Lands") of chapter 60 of the Consolidated Laws of New York. It provides as follows:

An examination of the pertinent sections of the Tax Law of New York reveals that section 150 provides that the county treasurer shall advertise and sell real estate upon which a tax has been levied when such tax with interest thereon has remained unpaid for a period of six months after the first day of February following the date on which the tax was levied. Section 151 of the Tax Law contains the provisions relating to the publication of notice with respect to such a sale. No contention is made by either party that the sale which took place on December 28, 1935, failed to meet the requirements of these sections of the Tax Law of New York.

Section 154 of the Tax Law of New York provides that "If such real estate, or any portion thereof, be not redeemed as herein provided, the county treasurer shall execute to the purchaser a conveyance of the real estate so sold * * * which conveyance shall vest in the grantee an absolute estate in fee, subject, however, to all claims the county or state may have thereon * * *" and section 155 provides that "A purchaser or his legal representative may, upon receiving a conveyance * * * possess and enjoy for his own use the real estate described in such conveyance, unless redeemed as herein provided * * *."

In the instant case, the county treasurer of Ulster County, on February 8, 1937, executed and delivered a tax deed to J. M. and Augusta Hepworth, the purchasers at the tax sale. If that was a valid tax deed, then, from the time of its delivery, the purchaser is clothed not merely with the title of the person who had been assessed for the taxes and had neglected to pay them, but with a new and complete title in the land, under an independent grant from the sovereign authority, which bars and extinguishes all prior titles and encumbrances of private persons and all equities arising therefrom. *Lee* v. *Farone* (1941), 261 App. Div. 674; 27 N. Y. S. (2d) 585; affd. (1942), 288 N. Y. 517; 41 N. E. (2d) 927. However, petitioner's position, from the time it first received notice of the tax sale on or about September 20, 1937, in the form of a letter from Hepworth, until it accepted, on or about October 23, 1940, the refund of the sum of $115.53 from the county treasurer, to whom it had paid this sum on November 30, 1937, in an attempt to redeem the real estate in question, was that the tax deed was not valid.

For Federal income tax purposes "The regulations require, and the decisions recognize, that claimed losses must be evidenced by closed

"Tax Law—§ 152. Redemption.

"The owner, occupant or any other person may redeem any real estate sold for taxes as aforesaid at any time within one year after the last day of each sale, by paying to the county treasurer of the county, for the use of the purchaser, or those claiming under him, the sum mentioned in the certificate of sale, together with interest thereon at the rate of ten per centum per annum * * * to be computed from the date of such certificate * * * and any tax or assessment * * * on such real estate, which the holder of said certificate shall have paid between the days of sale and redemption, with interest thereon at the rate of ten per centum per annum from the date of payment * * *."

ana completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed * * *." *Commissioner* v. *Peterman* (C. C. A., 9th Cir).), 118 Fed. (2d) 973, 976, and cases therein cited. In the case of *Morton* v. *Commissioner* (C. C. A., 4th Cir.), 104 Fed. (2d) 534, reversing 38 B. T. A. 534, it was held that a taxpayer's loss from the mortgage foreclosure sale of realty was not realized until the year in which the litigation in connection with the sale was finally settled. At page 536 of its opinion the court stated that "The litigation involved the validity of the sale itself and until it was determined whether the sale was to stand or the property or its equivalent would be recovered by the petitioner nothing concerning the transaction was settled." The same result has been reached by this Court in a case in which the dispute did not result in formal court action. *Arabol Manufacturing Co.*, 26 B. T. A. 1068. Therefore, although we are not concerned with the *legal* soundness of petitioner's claim under the Tax Law of New York. nevertheless we are concerned with the *bona fides* of his claim as a matter of fact.

Section 158 of article 7 of the Tax Law of New York provides that "The provisions of article six of this chapter * * * shall, in so far as it is not otherwise herein provided, govern and control the action of the county treasurer * * * and the same rights and remedies shall be deemed to exist under the provisions of this article, as are provided for in said article six." Section 134 of article 6 has been held to apply to sales by county treasurers. *Sheldon* v. *Russell* (1915), 91 Misc. 278; 154 N. Y. S. 632. Section 134 provides as follows:

If any lot or separate tract of land sold for taxes by the department of taxation and finance and conveyed, or any part thereof shall, at the time of the expiration of one year given for the redemption thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or those claiming under him, shall within one year from the expiration of the time to redeem, serve a written notice on the person occupying such land, either personally or by leaving the same at the dwellinghouse of the occupant, with a person of suitable age and discretion belonging to his family. If the occupant does not reside in the tax district in which the real estate is situated the notice may be served by mail in the manner required by law in respect to notices of nonacceptance or nonpayment of notes or bills of exchange. Service on one joint tenant or tenant in common shall be service on all the joint tenants or tenants in common. Service on a tenant shall be service on his landlord. The term "occupant" shall be construed to mean a person who has lawfully entered upon the land so occupied, and is in possession of the same to the exclusion of every other person. And the term "occupancy" shall mean the actual lawful and exclusive use and possession of such lands and premises by such an occupant. The notice shall state in substance, the sale and conveyance of the land, the person to whom made, the amounts required to redeem such land specified in section one hundred and thirty-six of this chapter, and that unless such amounts shall be paid into the state treasury for the benefit of the grantee, or those claim-ing under him, within six months after the time of filing of the evidence of the service of such notice with the department of taxation and finance, the convey-

ance shall become absolute and the occupant and all others interested in the land be forever barred from all right or title thereto. No conveyance of land occupied as aforesaid shall be recorded until the expiration of the time mentioned in such notice, and the evidence of the service of such notice shall be recorded with such conveyance. As amended L. 1928, c. 845, § 10; L. 1932, c. 335, § 3, eff. March 21, 1932.

Failure to comply with section 134 would prevent the acquisition of title by the grantee by virtue of the tax sale and deed. *Finch Pruyn & Co.* v. *People* (1943), 40 N. Y. S. (2d) 797; and it has also been held that section 134 must be liberally construed in favor of the owner or occupant. *In re Bingham's Estate* (1940), 17 N. Y. S. (2d) 981, 988. However, it is not necessary for this Court to determine whether petitioner was an "occupant" within the meaning of section 134; nor is it necessary for this Court to determine whether Hepworth's letter of September 20, 1937, satisfied the requirements of section 134. But it is proper and important, under the circumstances of this case, for this Court to take account of the Tax Law of New York and to note the fact that the validity of the tax deed is not free from doubt, because they are material to the question of the *bona fides* of petitioner's claim which is opposed to the validity of the tax deed.

Furthermore, section 136 of the Tax Law of New York [4] extends the period of redemption under specified conditions to within six months from the service of the written notice required by section 134. Finally, it is possible under the circumstances set forth in section 137 of the Tax Law of New York [5] for the period of redemption to extend to

---

[4] § 136. Redemption by occupant and certificate of redemption.

The occupant, or any other person, may at any time within the six months mentioned in such notice redeem such land by paying into the treasury the consideration money stated in the certificate of sale, with the addition of twenty per centum thereon, any tax or assessment (plus interest, penalties and other charges allowed by law with respect thereto) on such land, which the tax sale purchaser, or those claiming under him, shall have paid between the days of sale and redemption, with interest thereon at the rate of ten per centum per annum from the date of payment (provided such purchaser, or those claiming under him, shall have notified the department of taxation and finance immediately upon the payment thereof), such sums as may have been paid by such purchaser, or those claiming under him, for redemption of such land from prior or subsequent tax sales thereof, with interest thereon at the rate of six per centum per annum from the date of payment, and the statutory fees paid for the deed. Every such redemption shall be as effectual as if made before the expiration of the year allowed for the redemption of the land sold.

[5] § 137. Redemption by occupant before notice and effect of failure to redeem.

The occupant of any lot or separate tract of land sold for taxes by the department of taxation and finance, or any part thereof, or any other person may, at any time before the service of such notice by the purchaser or those claiming under him, and within two years from the expiration of the year allowed by law for the redemption thereof and not thereafter, redeem any land so occupied, by filing with the department of taxation and finance satisfactory evidence of such occupancy, and by paying to such department the same amounts as are specified for redemption under section one hundred thirty-six of this chapter, with the exception of the statutory fees for the deed where no deed has been issued. On application for such redemption the department may take all material evidence offered with reference to the occupation of the lands in question. The hearing shall be had on at least ten days notice to the party applying for the redemption. In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever. As amended L. 1928, c. 845, § 10; L. 1932, c. 335, § 5, eff. March 21, 1932.

within two years from the expiration of the year allowed by law for the redemption of the land sold for taxes. Petitioner sought to exercise his right of redemption before the proper authorities prior to the expiration of the period provided for by sections 136 and 137. Thus, if petitioner came within the provisions of sections 134 and 136, or 137, as to occupancy, his right of redemption would not have expired on December 27, 1936, pursuant to section 152 of the New York Tax Law. In fact, having paid the 1934 taxes on November 30, 1937, petitioner's right of redemption would not have expired at all under such sections, and there would be no dispute here as to the year in which petitioner's loss was sustained.

" 'The question', said the court in *Rhodes* v. *Commissioner*, 6 Cir., 100 F. 2d 966, 969. 'whether property becomes worthless during a particular year is one of fact.' " *Commissioner* v. *Peterman, supra,* at page 976. "The 'fact that litigation was pending," said the court in *Morton.* v. *Commissioner, supra,* at page 536, "would have the same effect as would the fact that there was a period in which the right of redemption under a foreclosure sale could be exercised." In *Frederick Krauss,* 30 B. T. A. 62, this Court held that the sale of land in Florida for taxes did not result in a loss to its owner so long as the right of redemption existed. This Court further held in the case of *J. C. Hawkins,* 34 B. T. A. 918; affd. (C. C. A., 5th Cir.), 91 Fed. (2d) 354, which respondent cites and upon which he relies, that a mortgagor of real estate in California did not sustain a deductible loss upon foreclosure sale in 1931 until the right of the original owners to redeem the property expired twelve months later, because the sale did not become absolute and the transaction closed until such event. The *Krauss* and *Hawkins* cases, on the one hand, and the *Morton* case. on the other, are not in this respect inconsistent; they represent different fact situations. The instant case is a combination of those situations. because in the instant case we have a dispute which, as a general matter, involves the validity of the sale itself and, more specifically speaking, requires a consideration of the correct length of the period in which petitioner could exercise its right of redemption. The petitioner's good faith in contesting the validity of the tax sale is shown by its action in making payment of the unpaid taxes to the county treasurer shortly after it first became aware of the tax sale; in consulting counsel; in renewing its fire insurance policy on the premises; in paying taxes through February 2. 1937, and thereafter in accruing taxes for later years on its books; and. until it decided to abandon the property, in adhering to its position that its right of redemption had not expired. The fact of abandonment in the taxable year here in question is not questioned; nor is there any contention made that the property became worthless prior to the taxable year herein involved. Cf. *Helvering* v. *Gordon,* 134 Fed. (2d) 685; *Bick-*

*erstaff* v. *Commissioner*, 128 Fed. (2d) 366. Under such circumstances, we are of the opinion that the effect of this bona fide dispute in the instant case was the same as the actual litigation in the *Morton* case, namely, "to postpone the fixing of the loss until the year in which the settlement was made." *Morton* v. *Commissioner*, *supra*, at page 537. We hold that petitioner's loss was sustained in the fiscal year ended October 31, 1940, and, no contention being made by the respondent that the loss is not ordinary, as claimed, we sustain the petitioner's view. *Shelden Land Co.*, 42 B. T. A. 498, 504, 505.

Reviewed by the Court.

*Decision will be entered under Rule 50.*