*87 OPINION.
Smith:
Section 24 (a) (6) of the Revenue Act of 1936 provides in part as follows:
SEC. 21. ITEMS NOT DEDUCTIBLE.
(а) General Rule.—In computing net income no deduction shall in any case be allowed in respect of—
****** *
(б) Loss from sales or exchanges of property, directly or indirectly, (A) between members of a family, * * * and (D) the family of an individual shall include only his brothers and sisters (whether by the whole or half blood), spouse, ancestors, and lineal descendants.
The petitioner contends that the above quoted provisions of the Revenue Act of 1936 do not apply in this case for the reason that there was no sale or exchange of property by him as the result of his relinquishment of his interest in the properties at 3537 and 3539 Ger-mantown Avenue. He submits that he received no consideration for the execution of the deed of relinquishment. He' further submits that the evidence shows that he made, an investment of $5,000 in the properties and that the proof is clear that he had no interest in the, properties after the deed of relinquishment, and that the deed of relin *88 quishment was the identifiable event which established the loss as having occurred in 1986.
We think it plain from the evidence in this case that the petitioner’s investment in the so-called joint adventure in 1927 or 1928 was lost long prior to 1936. This is indicated by the fact that in the estate tax return filed for the estate by the petitioner and his mother the properties were then returned as having a fair market value less than the amount of the mortgages thereon, and further by the fact that the estate tax return does not show any liability of the estate to the petitioner or to Kleeblatt in respect of the investment by each of $5,000.
In W. W. Hoffman, 40 B. T. A. 459, we held that, where the interest of the taxpayers in improved real estate owned by them subject to a mortgage became worthless in 1934, they were entitled to deduct the loss in that year under section 23 (e) (2) of the Revenue Act of 1934, although title remained in them until foreclosure was completed in the following year, despite their efforts to abandon their interest in the property during 1934. Our decision in that case was affirmed, per curiam (C. C. A., 2d Cir.), 117 Fed. (2d) 987. In its per curiam opinion the court stated:
The commissioner seeks reversal of a decision of the Board holding that under section 23 (e) (2) of the Revenue Act of 1934 the taxpayers were entitled to deduct from gross income a loss sustained in 1934, when the interest in improved real estate owned by them subject to a mortgage upon which they had not assumed liability, became worthless and they abandoned their interest and so advised the mortgagee, although title remained in them until completion of foreclosure proceedings in the following year. 40 B. T. A. 459. Upon amply sufficient evidence the Board found specifically that the taxpayers’ interest in the property became worthless in 1934. We see no valid ground to differentiate between a loss suffered on real estate and one on personalty, if worthlessness is definitely established. Compare Wieboldt v. Commissioner, 113 F. 2d 384, 386 (C. C. A. 7). On the authority of Denman v. Brumback, 58 F. 2d 128, 129 (C. C. A. 6) and Rhodes v. Commissioner, 100 F. 2d 966 (C. C. A. 6) the Board’s decision is affirmed.
The action of the respondent in disallowing the claimed deduction is approved.

Decision will be entered for the respondent.