## BICKERSTAFF v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10017.

Circuit Court of Appeals, Fifth Circuit.

May 27, 1942.

M. E. Kilpatrick and E. D. Smith, Jr., both of Atlanta, Ga., for petitioner.

Louise Foster, Sewall Key, and J. Louis Monarch, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

The sole question presented by the petition is whether the taxpayer was entitled to deduct as a loss the value of certain real estate claimed to have become worthless and abandoned during the year 1935.

The facts are stipulated: Charles A. Bickerstaff, a resident of Georgia, purchased certain unimproved real estate situated in Manatee County, Florida, in 1925, paying the full purchase price of $3,500.00. For state and county tax purposes the property was assessed at a value of $100.00, but from 1932 to 1935 the taxes were not paid, and an accrued delinquency of $75.00 resulted. In 1933 a tax certificate was issued to the Treasurer of the State of

Florida for the delinquent taxes for 1932. This tax certificate was held by the State for more than two years, and on January 4, 1937, the State executed a deed conveying the property to a third party, Mrs. M. J. Mooney.

By a letter of December 24, 1935, Bickerstaff advised the tax collector of Manatee County that he desired to stop further tax payments on the property, and authorized the sale of the property for the unpaid taxes. With this letter Bickerstaff sent an instrument styled "Quit-Claim Deed" by which he purported to relinquish the property to the tax collector. It is conceded that the document was ineffective to pass title under the Florida law. The deed was received and retained by the tax collector, but was not recorded. Thereafter, Bickerstaff made no attempt to exercise any possession, ownership, or control of the property.

Claiming a loss under Section 23(e) (2) of the Revenue Act of 1934, 48 Stat. 688, 26 U.S.C.A. Int.Rev.Code § 23(e) (2), Bickerstaff deducted the full purchase price of the property on his 1935 income tax return. The Commissioner disallowed the deduction on the ground that the loss occurred in 1937 when the State deeded the property to a third person and cut off the right of redemption, and not in 1935 as claimed by the taxpayer. Accordingly, a deficiency of $710.41 was assessed against the taxpayer. The Board of Tax Appeals, with two members dissenting, upheld the Commissioner's determination, and held that there had been no divestiture of title in 1935 by abandonment or otherwise, and that it had not been shown that the property had become worthless to the taxpayer in the tax year.

█ The general requirement that losses be deducted in the year in which they are sustained calls for a practical, not a legal test. Losses may be deducted where they are "so reasonably certain in fact and ascertainable in amount as to justify their deduction, in certain circumstances, before they are absolutely realized." Lucas v. American Code Co., 280 U.S. 445, 449, 50 S.Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010. Any identifiable event which fixes the loss with certainty may be taken into consideration. United States v. S. S. White Dental Co., 274 U.S. 398, 47 S.Ct. 598, 71 L.Ed. 1120.

The rule is not restricted to losses suffered upon personal property, but applies likewise to losses suffered upon real estate. The regulations make no distinction between these classes of property.

█ A definitive sale of property is not required, and even in the absence of a divestiture of legal title a taxpayer may be considered in a very practical sense to have abandoned real estate. Rhodes v. Commissioner, 6 Cir., 100 F.2d 966; De Loss v. Commissioner, 2 Cir., 28 F.2d 803; Denman v. Brumback, 6 Cir., 58 F.2d 128. Cf. Hoffman v. Commissioner, 40 B.T.A. 459, affirmed 2 Cir., 117 F.2d 987; Realty Operators, Inc., v. Commissioner, 40 B.T. A. 1051, appeal dismissed 5 Cir., 118 F.2d 286. In the Rhodes Case [100 F.2d 970] it was held that "standing alone, a tax sale of property is not an identifiable event showing its worthlessness to the owner" in the year of the sale, but that if a taxpayer was financially able to make the payments and refused to do so, the tax sale "is of weight" and may be considered along with other evidence as to the time at which the loss became fixed. Cf. Hawkins v. Commissioner, 34 B.T.A. 918, affirmed 5 Cir., 91 F.2d 354.

█ It appears that the taxpayer was financially able to make payment of the taxes assessed against the property. He refused to make the payments, and made a bona fide attempt to divest himself of title. His attempt to divest himself of title, although ineffective under Florida law because of improper attestation of the deed, was clear evidence of his intention to abandon the property and of its practical worthlessness to him. All that is required is that property actually be abandoned; a technical, legal abandonment and relinquishment of title is not always required. Denman v. Brumback, supra. The fact that under Florida law Bickerstaff was granted a period of redemption extending beyond the tax year in question is not of controlling importance, for this right of redemption appeared to be of no substantial value to him, and in good faith he tried to divest himself of title and only failed to do so because of improper attestation of his deed.

Under the particular facts and circumstances of this case, the interest of the taxpayer in Florida real estate may for all practical purposes be considered to have

become actually worthless and abandoned in the taxable year 1935. The events of that year were sufficient to identify the occurrence of a loss, and the deduction should have been allowed.

The petition is granted, and the decision of the Board is reversed.