LOUISIANA LAND & EXPLORATION CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 11878.

Circuit Court of Appeals, Fifth Circuit.

May 19, 1947.

**843**

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

This case involves income taxes for the calendar years 1941 and 1942. We shall treat the question arising from the 1941 and that from the 1942 taxes separately since they are not interrelated.[1]

The 1941 tax issue: In 1928, the taxpayer entered into an oil and gas lease on the Paradis Oil Field with The Texas Company. In 1939, the taxpayer sued the McEnery heirs to quiet title against their adverse claims to these lands. In January, 1940, The Texas Company obtained an oil and gas lease from the McEnery heirs for $25,000 in cash. In the same year, the taxpayer reimbursed The Texas Company the $25,000 payment and received an agreement to assign the McEnery heirs' lease conditioned upon maintenance of their title. In October, 1941, the taxpayer compromised its suit. Under the compromise the taxpayer obtained recognition of its interest, and the McEnery heirs received $3302.32 in cash, permission to retain the $25,000 paid by The Texas Company, and $25,000 received through an oil payment and a 1/80 overriding royalty interest in the minerals.

In its income tax return for 1941, the taxpayer deducted the $25,000 cash payment as an amortized cost of its lease. In disallowing the deduction the Commissioner held that the $25,000 should be capitalized as an expense in protection of the taxpayer's title. The Tax Court sustained the Commissioner, and the taxpayer brought the controversy here for review. The sole issue is the correctness of the Commissioner's holding.

The suit of the taxpayer against the McEnery heirs is styled "Complaint in Slander of Title," and the prayer is that said defendants "be ordered to either disclaim any title to the property, or to assert herein such rights as they or any of them may have against said property." The object of such a suit under Louisiana procedure is to force the defamer to assert his claim and to throw on him the burden of proving what he has asserted. Young v.

James H. Yeatman, of Houston, Tex., for petitioner.

Newton K. Fox and Helen R. Carloss, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Bernard D. Daniels, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

---

[1] We need only briefly treat the facts. They are set out in detail at 7 T.C. 507.

844

Town of Morgan City, 129 La. 339, 56 So. 303. Viewed in the light of the pleadings and the stipulation of the parties, the slander of title suit was a real action to protect title. Labarre v. Burton-Swartz Cypress Co., 126 La. 982, 53 So. 113. The title of the taxpayer to the lands involved in the suit was quieted and confirmed by the compromise agreement entered into therein, pursuant to which the McEnery heirs were allowed by the taxpayer to keep the $25,000 cash paid them by The Texas Company and by the taxpayer reimbursed to that company—in effect, a payment in that sum by the taxpayer to the McEnery heirs.

 The contention that taxpayer paid The Texas Company $25,000 for a lease which became worthless when the title of the lessors, the McEnery heirs, was decreed of no validity under the compromise judgment ignores the realities of the situation. The $25,000 was by the act of compromise made a part of the consideration passing to the McEnery heirs for recognizing and confirming the taxpayer's title. Expenditures made in perfecting or protecting title or in removing a cloud therefrom are capital expenditures and may not be deducted as ordinary business expenses. Farmer v. Commissioner, 10 Cir., 126 F.2d 542, 544; Jones Estate v. Commissioner, 5 Cir., 127 F.2d 231; and Burton-Sutton Oil Co. v. Commissioner, 5 Cir., 150 F.2d 621.

We agree with the Tax Court that the $25,000 was a capital expenditure, hence not deductible as a business expense.

The 1942 tax issue: In 1936, the taxpayer, unable to obtain an oil and gas lease on the Rosedale Plantation, bought the plantation for $30,000 cash. At the date of the purchase, its surface value was $15,000 and its mineral value was $15,000. The taxpayer made an oil and gas lease to one Benedum. The lessee, after drilling unsuccessfully to 9017 feet, upon the advice of experienced geologists abandoned operation and forfeited the lease. The taxpayer in its 1942 return claimed a deduction of $18,000 (by agreement reduced to $15,000) for the cost of the mineral interest which became worthless during the year 1942. The Commissioner disallowed the deduction; the Tax Court, in sustaining the Commissioner, held that the taxpayer could not deduct any part of the purchase price as a loss because the retained fee had substantial value. The correctness of this holding is the only issue concerning the 1942 tax.

 Section 19.23(e)-1 of Treasury Regulations 103 provides that losses must be evidenced by "closed completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed." The taxpayer contends that the drilling of a dry hole on the Rosedale Plantation in 1942 was a definite event which established the worthlessness of the minerals. In the case of real estate "the closed and completed transaction" must either be a transference of the real estate from the owner or his abandonment thereof.[2] "Our study of comparable cases convinces us that where a loss is claimed by reason of abandonment of worthless property, it has been necessary in all cases to establish the absolute worthlessness of the claimant's interest in the property."[3] For purpose of the computation of losses, the Tax Court considers claimant's fee interest as a unit and not as a bundle of many interests.

 If the taxpayer could take a deduction for the loss of each use to which he put his fee, he would be taking a deduction for the shrinkage in value of his asset. In the words of the Tax Court:

" * * * to permit such a deduction would be to allow the taxpayer to make one asset into as many as there were contemplated uses for it, and would have the effect in many cases of nullifying the established rule that mere shrinkage in the value of an asset prior to the closing of the transaction with respect thereto does not give rise to a deductible loss."

Since the taxpayer owns the entire fee, the cases where the taxpayer acquires only one interest in the land, as for instance an oil and gas lease, a royalty interest, or the whole or an undivided interest in the minerals, are not applicable. If the taxpayer

---

[2] 5 Mertens, 129, § 28.19.

[3] See Commissioner of Int. Rev. v. McCarthay, 7 Cir., 1942, 129 F.2d 84.

had obtained any one of these single interests in Rosedale, the drilling of a dry hole would be an identifiable event that might permit a deduction for the worthlessness of the investment.[4]

To be distinguished, also, are the cases where the courts permit the purchaser of a fee to allocate his cost between the surface interest and the mineral interests for the purpose of the computation of depletion or for the purpose of the computation of a gain or loss upon the dismemberment of the minerals from the fee by sale or other disposition.

The Tax Court was correct on the issue involved in the return for the year 1942.

The judgment appealed from is affirmed.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

---

[4] Bickerstaff v. Commissioner, 5 Cir., 128 F.2d 366; Rhodes v. Commissioner, 6 Cir., 100 F.2d 966; Chaparral Oil Co. v. Commissioner, 43 B.T.A. 457; Heller v. Commissioner, 1 T.C. 222; Harmon v. Commissioner, 1 T.C. 40.