ELISE AVERY JOHNSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

COURTNEY GLISSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF WILLIAM JOE GODWIN, DECEASED, RUTH GODWIN, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 27949, 27950, 27951. Promulgated December 12, 1952.

*W. G. Boone, Esq.*, and *Charles H. Davis, Esq.*, for the petitioners. *Homer F. Benson, Esq.*, for the respondent.

468

OPINION.

BLACK, *Judge:* The principal issue in this proceeding is whether the losses sustained during the taxable year by the petitioners are deductible as ordinary losses in full, or as capital losses subject to the limitations provided by law. The losses consist of payments made by petitioners as stockholder-transferees of taxes owed by a corporation which was liquidated in a prior year. There are also two incidental issues arising out of the losses presented for our decision here.

The Supreme Court in *Arrowsmith* v. *Commissioner*, 344 U. S. 6, affirming *Commissioner* v. *Bauer*, 193 F. 2d 734, reversing *Frederick R. Bauer*, 15 T. C. 876, held that any such loss resulting from satisfaction of transferee liability is a capital loss in the year of payment. We find no basis for a distinction with respect to this issue between the *Bauer* case and the case before us. Accordingly, we hold that the losses which petitioners incurred in 1946 when they paid the taxes of the dissolved corporation were capital losses incurred in 1946, and not ordinary losses and should be so treated in a computation under Rule 50.

The second issue we decide here is whether the combined capital loss of the petitioners was only $3,596.45, or was their combined loss in the amount of $3,756.67. The difference between the two amounts is $160.22, which sum amounts to part of the interest paid by petitioners on the two corporate tax deficiencies totaling $3,596.45. It is stipulated that this amount of interest which petitioners paid accrued after the final liquidation and dissolution of the corporation in 1945. In the recent case of *Arnold F. Heiderich*, 19 T. C. 382, it was said:

\* \* \* In the year 1947 the petitioners made payment of this amount, *together with interest amounting to $5,028.18, of which amount $3,595.07 covered*

*the period from September 30, 1943, the date of liquidation, through the date of payment, October 16, 1947.* The parties have stipulated that this portion of the interest was fully deductible as interest by the transferees of the corporation in the amounts so paid by them. \* \* \* [Emphasis added.]

It is clear that the interest of $160.22 which accrued on the deficiencies *after* the dissolution of the corporation and which was paid by petitioners was interest paid by petitioners for their own account and is deductible by them as interest paid under section 23 (b) of the Code and is in no respect a capital loss.

The third and final issue is one of allocation, that is, how are the capital loss and the interest deduction to be apportioned among the three petitioners? We have found as a fact that each petitioner has paid interest and corporate debt and has deducted losses as follows:

| Petitioner | Debt and interest paid | Loss deducted on tax return |
| --- | --- | --- |
| Glisson | $1,109.05 | $1,252.22 |
| Johnson | 1,538.57 | 1,252.23 |
| Godwin | 1,109.05 | 1,252.22 |
| Total | 3,756 67 | 3,756.67 |

It will be noted from the foregoing figures that petitioners did not settle the transferee liability in proportion to their stockholdings in the dissolved corporation. Why they did not do so is not explained in the stipulation. It will also be noted that in taking their deductions on their respective income tax returns, petitioners did not deduct in accordance with what they actually paid out but took deductions in equal amounts, to-wit, $1,252.22. The reason for doing this is also not explained in the record. Manifestly, Glisson and Godwin, both being on the cash basis, could not take deductions for greater amounts than they had actually paid in the taxable year, which in each case was $1,109.05.

It has been stipulated when effect is given to the balance sheet that upon liquidation the book value of corporate assets available for distribution to stockholders was $6,103.18. This sum, based upon the number of shares held by each petitioner, would have been distributed to the stockholders in the following proportions:

| Petitioner | No. of shares | Per cent owned | Value of corporate assets received |
| --- | --- | --- | --- |
| Glisson | 50 | 20 | $1,220.64 |
| Johnson | 150 | 60 | 3,661.90 |
| Godwin | 50 | 20 | 1,220.64 |
| Total | 250 | 100 | $6,103.18 |

Based upon the above table, the maximum liability of Glisson and Godwin to corporate creditors would be $1,220.64 each, the value of

assets received by each, and for Johnson the maximum liability would be $3,661.90. These sums would constitute the maximum loss they might sustain and any loss in excess thereof claimed on the tax return by any petitioner should be disallowed. While creditors of the dissolved corporation may recover from any of the petitioners the maximum amount of his liability as indicated above, the petitioner would in turn in a proper case be entitled to contribution from the other stockholders so that the latter may also share proportionately in the loss. The amounts paid by petitioners Godwin and Glisson and the amounts claimed by each of them on their returns exceed the share of the loss to be paid by each, if paid proportionately on the basis of stock ownership. We realize, of course, that there may be special circumstances which warrant a distribution of such losses on a basis other than the proportion of stock owned by each, as where one stockholder may be in financial distress, or for some other valid reason the stockholders agree to be liable in different proportions. However, there is no indication in the record here of any such special circumstances. It is, therefore, determined that the capital loss of $3,596.45 and the interest deduction of $160.22 are to be apportioned among the petitioners on the basis of their ownership of corporate stock. It is a loss upon the liquidation of their stock in the corporation which, under the Supreme Court's decision in the *Arrowsmith* case, *supra*, they are entitled to take. While, as we have already stated, there might be special circumstances under which they would have to pay more than their proportional share of the corporation's liability for its tax deficiencies, no such special circumstances are shown in this record. Certainly the parties could not by agreement apportion the losses equally as they apparently have done by each taking a deduction of $1,252.22. Cf. *Magruder* v. *Supple*, 316 U. S. 394.

*Decisions will be entered under Rule 50.*