FLOYD C. EWING AND LEAH E. EWING, ET AL.,* PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 54231–54234. Filed November 29, 1956.

*Ian Bruce Hart, Esq.*, for the petitioners.
*Robert E. Johnson, Esq.*, for the respondent.

*Proceedings of the following petitioners are consolidated herewith: Richard K. Ewing, Docket No. 54232; C. C. Ewing and Mary F. Ewing, Docket No. 54233; and Stanley C. Ewing and Dolores J. Ewing, Docket No. 54234.

408

410

## OPINION.

ATKINS, *Judge:* The petitioners contend that because the liabilities of the dissolved corporation which they paid as transferees resulted almost entirely from the disallowance by the respondent as deductions of portions of salaries paid them and determined by the respondent to be excessive, because they received the salaries and paid taxes thereon as ordinary income, and because the amounts paid by them, as transferees, were less than the portions of the salaries disallowed, they are entitled to deduct the transferee liabilities paid by them as ordinary, rather than capital, losses. It is their contention that the payment of that portion of the salaries which the respondent determined to be excessive should be considered as having rendered them

liable as transferees and that in effect they remitted part of their salaries when they paid the corporation's liability.

The facts, however, do not sustain the contention that it was the payment of the salaries which gave rise to the transferee liability of the petitioners. It is well settled that to hold a party liable as transferee in equity for a transferor's delinquent taxes it must be proved that the transferee received assets of the transferor and that the transferor was insolvent at the time of, or was rendered insolvent by, the transfer of the assets. *J. Warren Leach*, 21 T. C. 70, and *James M. Denton*, 21 T. C. 295. Here there has been no showing by the petitioners that the corporation was insolvent at the time the salaries were paid or that the payment of the salaries rendered the corporation insolvent. Indeed, the evidence shows that at the time of the receipt of salary none of the petitioners was aware of any reason why the salary was not his to use as he saw fit, and that even at the time of dissolution none of them as stockholder, director, or officer had any knowledge of any unpaid debts of the corporation. On brief the petitioners do not claim that the payment of salaries, when made, rendered the corporation insolvent, but rather claim that in view of the payment of salaries the corporation was rendered insolvent upon the distribution in liquidation. On brief they state that "During the two year period over which salaries were paid the corporation was in a gradual process of distribution and upon final dissolution, having divided such assets as remained, the taxpayer [corporation] was thereby rendered insolvent." This, however, is not tantamount to a contention that the salary payments constituted a series of distributions in pursuance of a complete liquidation which left the corporation insolvent. There is no evidence whatsoever to show that there was, during the years the salaries were paid, a plan of complete liquidation contemplating a series of distributions.

The respondent in determining the deficiencies herein in effect held that it was the distribution of assets upon liquidation which gave rise to the transferee liability. We think the evidence adequately supports this view. In any event the petitioners have not shown the contrary. This also was apparently the view of the attorney for the corporation and the individuals when on June 18, 1951, he addressed a letter to the internal revenue agent in charge stating that "Inasmuch as the dissolved corporation distributed all of its remaining assets on September 1, 1949, to" the petitioners, they, "as transferees, will be obliged to pay the assessment made against the corporation out of their individual resources."

On brief the petitioners also contend that the payment of salaries could result in transferee liabilities even though such payment did not render the corporation insolvent if there was a legal obligation to repay the salaries. They point out that there is a fiduciary rela-

tion of the corporate officers to the corporation which precludes them from wrongfully diverting the assets from the corporate purposes. However, there is no evidence here to show that there was any legal obligation on the part of these petitioners to return the salaries paid them to the corporation. The fact that the respondent determined that some portion of the salaries was in excess of the reasonable allowance for compensation contemplated by section 23 (a) (1) (A) of the Internal Revenue Code of 1939, does not establish that the recipients were under a legal obligation to repay such excessive salaries to the corporation.

In *Arrowsmith* v. *Commissioner*, 344 U. S. 6, distributions in liquidation of a corporation were made to its two stockholders, the taxpayers, in 1937, 1938, 1939, and 1940. They reported their profits on these distributions as capital gains. In 1944 a judgment was rendered against the dissolved corporation. The stockholders paid the judgment for the corporation of whose assets they were transferees, and deducted the amounts so paid in their income tax returns as ordinary business losses. The Supreme Court noted that the taxpayers were required to pay the judgment because of liability imposed on them as transferees of the assets of the corporation distributed to them in liquidation and held that since the distributions to them had been treated as amounts received in exchange of their stock, resulting in capital gain, the payments which the taxpayers were required to make in a later year as transferees of the assets must be treated as capital losses, rather than ordinary losses.

Following the *Arrowsmith* case, we have held that whenever stockholders, who are liable as transferees by virtue of the receipt of assets of a corporation upon a taxable liquidation, thereafter pay taxes owed by the liquidated corporation, the payments constitute capital losses subject to the limitations contained in section 117(d) of the Internal Revenue Code of 1939,[1] rather than as ordinary losses. *Arnold F. Heiderich*, 19 T. C. 382; *Elise Avery Johnson*, 19 T. C. 465.

We see no distinction between the instant case and the *Arrowsmith* case, and accordingly hold that the amounts paid by the petitioners, as transferees, on account of the tax liability of the corporation, are deductible as capital losses, rather than ordinary losses. The case of *Healy* v. *Commissioner*, 345 U. S. 278, cited by the petitioners, is not in point. There the payment of excessive salary at a time when the corporation was insolvent was the transfer upon which transferee liability was predicated and paid, and the only question before the Court was whether part of the salary should be ex-

---

[1] (d) LIMITATION ON CAPITAL LOSSES.—

(2) OTHER TAXPAYERS.—In the case of a taxpayer, other than a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus the net income of the taxpayer or $1,000, whichever is smaller. * * *

cluded from taxable income in the year of receipt, as contended by the taxpayer, or be allowed as an adjustment in the year of payment of the transferee liability. The Court held that the amount was allowable as an adjustment in the latter year. The question of whether the loss was ordinary or capital in nature was not involved.

The petitioners claimed as a deduction the interest on the corporate tax liability, whether accrued before or after the dissolution distributions. The respondent disallowed that portion of the interest which accrued on the corporate liability prior to the dissolution distributions, but held that such amount was deductible as a capital loss. Such portion of the interest disallowed was not interest on indebtedness of the petitioners and is therefore not deductible by them as interest under section 23(b) of the Internal Revenue Code of 1939.[2] *Koppers Co.*, 3 T. C. 62, affd. (C. A. 3) 151 F. 2d 267. Rather it, like the tax liability of the corporation, was a part of their liability as transferees, and we hold that the respondent did not err in according it the same treatment. See *Arnold F. Heiderich, supra.*

*Decisions will be entered for the respondent.*

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \*

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.