ARTHUR B. KOONTZ AND MAZIE W. KOONTZ, HUSBAND AND WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60083. Filed May 31, 1957.

*Donald O. Blagg*, *Esq.*, and *A. G. Stone*, *Esq.*, for the petitioners.
*Charles R. Hembree*, *Esq.*, for the respondent.

OPINION.

RICE, *Judge:* The deduction for interest paid or accrued by a tax-payer allowed by section 23 (b) of the 1939 Code is for interest owed on an outstanding debt of the taxpayer claiming the deduction. *Automatic Sprinkler Co. of America,* 27 B. T. A. 160 (1932). As the Ways and Means Committee noted in its report accompanying the Internal Revenue Code of 1954, H. Rept. No. 1337, 83d Cong., 2d Sess. (1954), p. A–44: "Subsection (a) of section 163 continues the deduction for interest contained in section 23 (b) of the 1939 Code." Thus, the deduction permitted by the 1954 Code is likewise for interest, paid or accrued on indebtedness of the taxpayer.

The amounts of interest which petitioner seeks to deduct, and which the respondent disallowed, are the amounts of interest accruing on Watson's indebtedness from the time petitioner purchased the voting trust certificates in 1941 and 1944 up to and including the date of the court decrees confirming the release of the certificates to him, free and clear of any claims.

Petitioner argues that such amounts of interest are analogous to interest payments by transferees of corporate assets for the interest on corporate indebtedness accruing from the time the assets were transferred to them until payment of the indebtedness was made. In support of that argument he relies on such cases as *Koppers Co.,* 3 T. C. 62 (1944), affirmed sub nom. *Commissioner* v. *Breyer,* 151 F. 2d 267 (C. A. 3, 1945); *W. D. Haden Co.* v. *Commissioner,* 165 F. 2d 588 (C. A. 5, 1948), affirming in part a Memorandum Opinion of this Court dated April 9, 1946; *Elise Avery Johnson,* 19 T. C. 465 (1952); *Andrew Jergens,* 17 T. C. 806 (1951); *Philip D. Armour,* 6 T. C. 359 (1946); and *Robert L. Smith,* 6 T. C. 255 (1946).

In support of his determination that the interest deductions, which petitioner claims, are not allowable, respondent contends that the payments were not interest on indebtedness for which petitioner was personally liable but were, in fact, a part of the consideration paid by petitioner for the voting trust certificates.

In *Koppers Co., supra,* we held that the interest which accrued on indebtedness of the transferor subsequent to the transfer of its assets to the transferee, was deductible by the transferee, and said, at page 64:

At that time [of the transfer of the assets] each transferor owed respondent the amount of its tax deficiency, together with interest thereon from the date of its determination. The petitioner [transferee] took the assets encumbered with those debts. The debts as well as the assets then became those of petitioner. And the interest which thereafter accrued on those debts was therefore interest on the obligations of petitioner.

We further said that our holding was intended and accomplished by the effect of section 311 of the statute.

The difficulty with petitioner's argument here is that he cannot show that his liability to pay Watson's indebtedness was an absolute and unconditional liability, such as was true of the transferee in *Koppers Co., supra,* and of the transferees in the other above-cited cases. It is settled law that a transferee is fully liable for the debts of the transferor, together with interest thereon from the date of the transfer, to the extent of the value of the assets which he received. That is not true of petitioner here since he is not a transferee, and was not under any fixed legal obligation similar to that of a transferee. Here, the decrees of the West Virginia Supreme Court of Appeals held that the sales of the voting trust certificates to petitioner and his brother were voidable sales by virtue of their fiduciary relationship to the receivers of Elk Horn. When they initially purchased the certificates they paid amounts which, at the time, may have approximated the then fair market value of the certificates; but later, as the result of the litigation, in order to retain full and clear title to the certificates, petitioner paid additional substantial amounts which included the sums which he seeks to deduct here as interest. But petitioner was under no absolute liability to pay such sums. Had he not wished to do so, he could have returned the certificates and received back what he and his brother had paid initially. Hence, the amounts which he paid in 1952 and 1954, to satisfy Watson's outstanding indebtedness, together with interest thereon, were simply additional cost of the voting trust certificates, no part of which is deductible. *Eskimo Pie Corporation,* 4 T. C. 669 (1945), affd. 153 F. 2d 301 (C. A. 3, 1946); *Orange Securities Corporation,* 45 B. T. A. 24 (1941), affd. 131 F. 2d 662 (C. A. 5, 1942). See *Magruder* v. *Supplee,* 316 U. S. 394 (1942). In the latter case, real estate taxes on a parcel of property for the year 1936 became due and payable on January 1 of that year. The property was sold during the year and the seller and buyer agreed to apportion such taxes on a pro rata basis. The buyer attempted to deduct his share of the taxes under section 23 (c) as "taxes paid" within the meaning of that section. The Supreme Court denied the deduction. It agreed that the taxes in question were a burden which the buyer paid, but said that it was a burden which had been contractually assumed rather than one which was directly imposed upon him. It quoted from the dissenting opinion of Chief Judge Parker in *Commissioner* v. *Rust's Estate,* 116 F. 2d 636, 641 (C. A. 4, 1940):

Payment [of the taxes] by a subsequent purchaser is not the discharge of a burden which the law has placed upon him, but is actually as well as theoretically a payment of purchase price; * * * a part of the payment for unencumbered title.

It concluded that the amount of the taxes paid by the buyer was nothing more than part of the purchase price of the property. Much

the same was true of the interest payments in question here. The interest had accrued on the indebtedness of Watson, and petitioner agreed to assume and did pay such interest. We think here, as was true of the taxes in the *Magruder* case, that such interest payments represented a part of the purchase price of the property.

In addition, the payments which petitioner made are essentially similar to expenses incurred in clearing title to property, and it is settled law that any such expenses represent an additional cost of the property. *Brand* v. *Commissioner*, 209 F. 2d 255 (C. A. 6, 1953), affirming a Memorandum Opinion of this Court dated January 30, 1953, certiorari denied 347 U. S. 968, 1022 (1954), 348 U. S. 804 (1954); *Louisiana Land & Exploration Co.*, 7 T. C. 507 (1946), affd. 161 F. 2d 842 (C. A. 5, 1947); *Morgan Jones Estate*, 43 B. T. A. 691 (1941), affd. 127 F. 2d 231 (C. A. 5, 1942); *Bermont Oil Co.*, 33 B. T. A. 1061 (1936), affd. 91 F. 2d 710 (C. A. D. C., 1937); *Shaw-Hayden Building Co.*, 18 B. T. A. 949 (1930).

We therefore conclude that since the claimed interest deductions in the amount of $112,972.53 represented an additional cost to petitioner of the voting trust certificates, they were not payments of deductible interest under the Internal Revenue Codes of 1939 and 1954.

*Decision will be entered under Rule 50.*