LEWIS E. VOGEL AND DOROTHY L. VOGEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Vogel v. Commissioner
Docket No. 18494-80.
United States Tax Court
T.C. Memo 1984-149; 1984 Tax Ct. Memo LEXIS 527; 47 T.C.M. (CCH) 1360; T.C.M. (RIA) 84149; March 26, 1984. *527 Held: Cost of survey to restore storm damaged boundary is deductible. Robert M. Tyle, for the petitioners. John D. Steele, Jr.,Ruth E. Salak and James Bersani (specially recognized), for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioners' income tax for the year 1978 in the amount of $223.77. The sole issue is the deductibility of the cost of resurveying of boundary lines. Our Findings of Fact and Opinion are combined for convenience. Some of the facts have been stipulated and they are so found. At the time of filing of the petition, petitioners resided in New York. In 1973, Mrs. Vogel owned a farm of more than 300 acres, on a small portion of which there was standing hay which Mrs. Vogel sold. At least one boundary of the hay field was an exterior boundary of Mrs. Vogel's property, which had previously been marked by fencing that had been destroyed in a storm. The purchaser of the hay did not wish to cut until the boundary line had been reestablished since the purchaser did not wish to run any risk of cutting hay standing on the neighbor's land. *528 Mrs. Vogel discussed this problem with her banker, who advised Mrs. Vogel that he would take care of the matter. Shortly thereafter, she and her neighbor agreed upon the location of the line. The hay was cut and Mrs. Vogel forgot about the matter until she received a bill from a surveyor in the amount of $1,300. Subsequent investigation disclosed that the bank had on Mrs. Vogel's behalf hired the surveyor to reestablish the boundary line, which he had done for this cost. The bill went unpaid. A judgment was obtained in 1978 by the surveyor in the amount of $1,443.69 (apparently including interest or expense), and the judgment was satisfied out of the proceeds of sale of some land. Petitioners deducted the cost of the survey on their 1978 tax return as a farm loss and now claim that the deduction should be increased to $1,443.69.
The survey was never received by Mrs. Vogel, and it was not made a part of this record. No determination can be made by us as to what was actually surveyed, whether permanent markers were installed or as to whether the survey in fact had any benefits lasting beyond the year 1973. [1] We do not, however, consider this to be material. Rather, what we *529 are concerned with is the problem in the year 1973 [2] which the survey was intended to cure. The fact that the survey was, as it turned out, unnecessary and in fact was not used in 1973 is unfortunate but does not alter the tax treatment of the expenses. The parties advised us that the applicable law is reflected in the following cases: Brier Hill Collieries v. Commissioner,12 B.T.A. 500 (1928), affd. in part 50 F.2d 777 (6th Cir. 1931); Johnson v. Commissioner,T.C. Memo. 1955-247; Lowry v. Commissioner,T.C. Memo. 1968-173; Churchill Farms, Inc. v. Commissioner,T.C. Memo. 1969-192; Wacker v. Commissioner,T.C. Memo. 1980-324. There is, however, one other similar case, Louisiana Land & Exploration Co. v. Commissioner,7 T.C. 507 (1946), affd. 161 F.2d 842 (5th Cir. 1947). In certain of these cases, where it was clear that the survey yielded new benefits which *530 would be realized over a period of years, we held that the cost incurred in the acquisition of a new asset should be capitalized. See, e.g., Louisiana Land & Exploration Co. v. Commissioner,supra.On the other hand, we have long applied the rule that any expenditure which merely repairs or restores a business asset to a usable state, and adds no new value, may be expensed. See Churchill Farms, Inc. v. Commissioner,supra at n. 6. The mere reestablishment of boundaries which have been destroyed by a casualty such as in the instant case adds nothing to the value of the land and creates no new asset. The Brier Hill Collieries and Churchill Farms, Inc., cases are dispositive. We hold that petitioners are entitled to a deduction for 1978 in the amount of $1,443.69. Decision will be entered under Rule 155.
Footnotes
1. The survey may have been used in the closing of the sale, but that was pure happenstance. ↩
2. Since petitioners are on a cash basis, the deduction is allowable only in the year paid.↩